## ALMON COTTON v. W. M. RHEA ET AL.

### No. 2317.    Decided February 4, 1914.

**1.—Injunction—Judgment—Jurisdiction of District Court.**

The District Court was without jurisdiction to enjoin the enforcement of a judgment of the County Court which, if erroneous, was not void.    (P. 223.)

**2.—Same—Usury—Counter-Claim—Verification—Amendment.**

The verification of a counter-claim based on the collection of usurious interest (Rev. Stats., arts. 4982, 4983) is for the benefit of the adverse party, and may be waived. Though not verified by the proper party, or though unverified, it could be amended; and permitting the amendment, in the County Court on appeal, of the verification of such plea as made in the Justice Court did not introduce a new cause of action, nor render void a judgment there on such counter-claim, nor prevent such counter-claim from being considered in determining the amount in controversy as affecting the jurisdiction of the County Court on appeal.    (Pp. 223, 224.)

**3.—Injunction—Sale of Exempt Property—Jurisdiction.**

The District Court has jurisdiction to enjoin the sale of exempt property under execution from another court, and this power is not affected by article 4653, Revised Statutes. Leachman v. Capps & Cantey, 89 Texas, 690.    (P. 224.)

**4.—Same—Amount in Controversy—Pleading.**

Where the value of property claimed to be exempt, in an action to enjoin its sale, is not stated, the District Court has jurisdiction, on the face of the proceeding, to issue and to subsequently dissolve the injunction, it not appearing to be within the original jurisdiction of another court. Whether the jurisdiction would be exclusively in the County Court (Const., art. 5, sec. 16), if the pleadings showed the value to be between $200 and $500, is not determined.    (P. 224.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Tarrant County.

*Slay, Simon & Wynn,* for appellant.—A plea of usury not sworn to

by the party wishing to avail himself of same on appeal to the County Court from the Justice Court presents no cause of action, and the amount in controversy outside of this plea being under the sum of twenty dollars, the County Court is without jurisdiction over the same, and any action by the County Court is absolutely void. Cherryholmes v. Carter, 66 Texas, 166; Lasater v. Faut, 43 S. W., 321; Brigman v. Aultman, 55 S. W., 509; White Dental Mfg. Co. v. Hertzberg, 92 Texas, 528; Heard v. Conly, 50 S. W., 1047.

The judgment of the County Court being absolutely void, the same can be attacked directly or collaterally in any court. Moore v. Perry, 56 S. W., 120; Coca Cola Co. v. Allison, 52 Texas Civ. App., 54; Jennings v. Shiner, 43 S. W., 276.

The District Court has the power to issue the writ of injunction in all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and also where the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof requires the restraint of some act prejudicial to the applicant. Rev. Stats., art. 2989; Godfrey v. Lackey, 129 S. W., 1145; T. & P. Ry. Co. v. Butler, 52 Texas Civ. App., 323; Sumner v. Crawford, 91 Texas, 129; Ex parte Warfield, 40 Texas Crim., 413.

The court erred in sustaining defendant's motion to dissolve and motion to dismiss the injunction, because the personal property levied upon was exempt from forced sale, and irreparable injury was threatened thereto. Rev. Stats., art. 2989, as amended by laws of 1909, p. 354; art. 2395, sec. 5; Sumner v. Crawford, 91 Texas, 129; Betz and Maier on Exemptions, 12 Texas Civ. App., 219.

*Bryan & Spoonts,* for appellees, cited: Brockenboro v. Melton, 55 Texas, 503; Bill v. York, 43 S. W., 68, 57 S. W., 987, 67 S. W., 919, 55 S. W., 511.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The statement of the case as made by the Honorable Court of Civil Appeals in its certificate and the questions presented thereunder, are as follows:

"This suit was instituted by Almon Cotton in the District Court of Tarrant County against the Texas Brewing Company and W. M. Rea, sheriff of Tarrant County, to restrain the collection of a judgment rendered against Cotton in favor of the brewing company by the County Court of Tarrant County for the sum of fifty-one dollars and for costs of suit; and also to restrain the sale of certain office furniture and fixtures, including a safe, desk, fan, etc., belonging to plaintiff and which had been levied on by the sheriff by virtue of an execution issued on said judgment.

"It was alleged in the petition that the suit in which the judgment was rendered was instituted in the Justice Court by Cotton against the Texas Brewing Company on an account for wages earned by C. F. Dreschel while employed by said company which account had been as-

signed to Cotton by Dreschel; that Dreschel intervened in the suit and he and the brewing company joined in a counter claim against Cotton for $90 on account of usurious interest paid to Cotton by Dreschel in connection with the demand for twelve dollars asserted by Cotton in that suit; that later and before the trial in the Justice Court the brewing company filed an amended plea alleging that it had purchased from Dreschel his said claim on account of usury and thereafter the counter claim was prosecuted by the brewing company alone; that judgment was rendered in the Justice Court in favor of Cotton for twelve dollars and denying the counter claim; that upon appeal by the brewing company to the County court the latter court rendered judgment in favor of the Texas Brewing Company against Cotton for fifty-one dollars and costs of suit. It was further alleged in the petition that prior to the trial in the Justice Court the counter claim was verified by Dreschel alone and not by the Texas Brewing Company, but upon motion made in the County Court to dismiss the counter claim for lack of proper verification the latter court permitted the brewing company to amend the plea by verifying it. Plaintiff further alleged that by reason of the failure of the brewing company to verify the counter claim in the Justice Court the judgment rendered thereon in the County Court in favor of the brewing company for fifty-one dollars on said counter claim was void.

"In the petition for injunction plaintiff further alleged that the property so levied upon by the sheriff was at the time of the levy used by plaintiff, who is the head of a family, as the tools, apparatus and books belonging to his trade and business of conducting and operating a chattel loan business and buying and selling wages and that same was under the law exempt from forced sale; however, plaintiff failed to allege in his petition the value of the property so levied upon. The petition concludes with prayer for writ of injunction restraining the sale of the property and the collection of the judgment and also for general relief.

"The petition was addressed to the District Court and was filed with the clerk of that court April 29, 1911. Upon the petition was endorsed the following fiat:

"'4/29/11. Upon the filing of the application and a bond conditioned as required by law and duly approved, the clerk will issue the writ as prayed for. R. H. Buck, Judge 48th Jud. Dist.'

"In obedience to the order the writ of injunction prayed for in the petition was issued by the clerk of the District Court and served upon the defendants and was made returnable to the District Court in which the suit was filed. Later, on motion of the defendants the injunction was dissolved and from that order the plaintiff has duly perfected his appeal to this court.

"Upon the foregoing statement we deem it advisable to certify to your honors for determination the following questions:

"First. Did the district judge have jurisdiction to grant the writ of injunction that was issued?

"Second. Did the district judge who granted the writ have juris-
diction to hear and determine the motion to dissolve it?"

The proper determination of the first question requires a consider-
ation of the dual nature of the injunction suit in the District Court, first,
as an action to restrain the enforcement of a judgment of another court
because of inherent invalidity; and, second, as a proceeding to prevent
the unlawful sale of exempt property, as the jurisdiction of the court
to issue the writ under these several causes of action, while resting upon
the common ground of its equity powers, is controlled by distinct rules,
depending in one instance upon the legal effect of the judgment assailed
and in the other being uninfluenced by that issue. Viewing the ques-
tion as it arises under the cause of action presented in the petition which
concerned the validity of the County Court judgment, the District
Court, at all events and regardless of the effect of article 4653, Revised
Statutes, 1911, upon the authority to enjoin the enforcement of a void
judgment of another court, was without jurisdiction to interfere with
its execution if it was not void; and this part of the question may be
resolved, therefore, by determining that of the validity of the judgment.
Our view is that if the judgment was a nullity as affirmatively disclosed
by the record, it was subject to such collateral attack in any competent
court otherwise vested with jurisdiction of the immediate action in
which it might be challenged; that the authority of the court to restrain
the enforcement of such a judgment is uncontrolled by article 4653,
but proceeds from its power, in the exercise of a jurisdiction otherwise
appropriately invoked, to protect rights from the operation of a void
proceeding. Bender v. Damon, 72 Texas, 92; Ketelson v. Pratt Bros.,
100 S. W., 1172.

The judgment of the County Court was clearly not void. The counter
claim urged in the Justice Court was sufficient in amount to give it
jurisdiction on appeal. This claim constituted the subject matter of
the suit; and having jurisdiction both of it and the parties, the court
possessed the authority to render a judgment in the matter. Its juris-
diction being complete and having been lawfully exercised, its judg-
ment was not void, however erroneous.

Any contention to the contrary must rest upon the proposition that
the verification of the plea presenting the counter claim was a juris-
dictional requisite, but we regard this view as unsound. If it be con-
ceded that verification of such a plea, seeking recovery of the penalty
provided in article 4982, is necessary under article 4983, to the effect
that no evidence of usurious interest shall be received on the trial of
any case unless the same "shall be specially pleaded" and verified by
the affidavit of the party wishing to avail himself of "such defense,"—
which latter article was originally enacted before the passage of the Act
providing for the recovery of the penalty, now article 4982, and when
the plea of usury was available only as a defense, a question which we
are not required to determine, the verification of the plea is only for
the benefit of the adverse party and may be waived. Arnold v. Mac-

donald, 55 S. W., 529, in which a writ of error was refused by this court. It was capable of amendment, Poe v. State, 72 Texas, 625; and therefore presented no new cause of action as a counter claim not pleaded in the Justice Court. It was within the discretion of the court to permit the verification of the plea by way of amendment. Dyer v. Winston, 77 S. W., 227. The judgment, while possibly erroneous, would not have been void, in our opinion, if it had been rendered upon the unverified plea. Vanfleet on Collateral Attack, sec. 251; Freeman on Judgments, sec. 118. It is apparent that the district judge was without jurisdiction to issue the injunction on account of the alleged invalidity of the judgment.

Considering the question, however, as related to the authority to restrain the sale of exempt property, we are of the opinion that the district judge had jurisdiction to grant the injunction. That such remedy lies to prevent the sale of exempt property under execution, is established. Stein v. Frieberg, 64 Texas, 272. It is likewise clear that the authority of the court to grant the writ in such case is unaffected by article 4653. Leachman v. Capps & Cantey, 89 Texas, 690. If it be assumed that under amended section 16 of article 5 of the Constitution the County Court has exclusive jurisdiction to issue injunctions in cases where the matter in controversy exceeds $200 in value but does not exceed $500, no allegation of value was made in this case; and it can not be said, therefore, that the suit in this phase was within the jurisdiction of that court. DeWitt County v. Wischkemper, 95 Texas, 435. The averment of the exemption of the property from forced sale was sufficient to invoke the jurisdiction of the court, regardless of the element of value. Its rightful exercise in the issuance of the writ would, of course, depend upon whether the property was exempt; but a determination that it was not exempt, while decisive of the right to the relief, would not affect the court's power to entertain and hear the cause. This power, which constitutes the jurisdiction of a court, may exist though the pleading under which the suit is instituted is insufficient to sustain the action. The question whether the property levied upon was in fact exempt is not to be confused, therefore, with that of jurisdiction, which alone is presented by the certificate and here decided. As the allegations of the petition in the injunction suit were not such as to bring the case within the original jurisdiction of any other court, but were sufficient to invoke equitable relief, the issuance of the writ was within the jurisdiction of the District Court. Gamel v. Smith, 21 S. W., 628. We express no opinion upon the question of the right to maintain such a suit in that court if subsequent pleading should disclose that the value of the property involved was an amount within the jurisdiction of the County Court.

We answer both questions in the affirmative.