# JUNE, 1923.

## MARY J. CAREY V. IKE LOONEY ET AL.

### No. 3378.   Decided June 6, 1923.

#### (251 S. W., 1040).

**1.—Injunction—Execution of Judgment.**

Article 6453, Rev. Stats. (requiring injunction to stay proceedings in a suit or execution on a judgment to be returnable to and tried in the court where such suit is pending) has no application to a suit to enjoin the execution of a writ of possession of real estate in actual possession of plaintiff in injunction suit sold under order of sale upon a judgment to which the plaintiff in the injunction suit was not a party.   (Pp. 95-100).

**2.—Same—Sale Under Foreclosure of Attachment Lien.**

In a suit by L. against the A. Mercantile Co., attachment was levied and foreclosed on land in another county as the property of defendants and an order of sale of same to satisfy the judgment recovered by L. therein was issued and executed by sale of same to L. C., who claimed the land and was not a party to the judgment, sued in the county where the land lay to enjoin the execution of a writ of possession in favor of L. issued on such judgment and sale.   The judgment of foreclosure was only *quasi in rem* and not binding on L. who could therefore maintain suit in the county where the land lay to enjoin dispossession by the writ and remove the cloud on title caused by the sale.   (Pp. 97, 98).

**3.—Same—Cases Discussed.**

Thallman v. Bank, 181 S. W., 791; Brown v. Fleming, 178 S. W., 964; Matthews v. Eyers, 206 S. W., 963, are overruled.   McCargo v. Smith, 23 Texas Civ. App., 714; Kinsey v. Spurlin, 102 S. W., 122; Long v. Knott, 203 S. W., 1127, approved and followed.   (P. 99).

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

The Supreme Court referred the question certified to the Commission of Appeals, Section B. for its opinion thereon, and same is here adopted as the answer of the Supreme Court to the question certified.

*W. A. Morrison,* for appellant.

The appellant having in nowise been a party to the suit in McLennan County, it was not necessary that the injunction should have been returned to and filed in the district court in which such judgment had been rendered.   Sumner v. Crawford, 91 Texas, 129; Reed v. Bank, 211 S. W., 333; Kinsey v. Spurlin, 102 S. W., 122; McCargo v. Smith, 58 S. W., 188; Long v. Knott, 203 S. W., 1127; Cooper v.

Peter, 80 S. W., 108; Cotton v. Rhea, 163 S. W., 2; Bender v. Damon 72 Texas, 92.

*Henderson, Kidd & Henderson,* for appellee.

A cause of action for injunction to stay proceedings in a suit or execution on a judgment must be brought in, and the writ of injunction, if granted, must be returnable to and tried in, the court where such suit is pending or such judgment was rendered. Rev. Civ. Sts., Art. 4653; Rev. Civ. Sts., Art. 2001; Matthews v. Eyers, 206 S. W., 963; Thallman v. Bank, 181 S. W., 791; Brown v. Fleming, 178 S. W., 964; Van Ratcliff v. Call, 10 S. W., 578.

MR. PRESIDING JUDGE McCLENDON delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals has certified to the Supreme Court the question whether R. S.. Art, 6453, which provides that:

"Writs of injunction granted to stay proceedings in a suit, or execution on 'a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered", has application to a suit brought to enjoin the execution of a writ of possession of real estate in actual possession of plaintiff in injunction suit sold under order of sale upon a judgment to which the plaintiff in the injunction suit was not a party.

The certificate gives the following clear and succinct statement of the case and the manner in which the question arises:

"On June 21, 1917, Ike Looney, as plaintiff, filed a suit in the District Court of McLennan County against the Ben Arnold Mercantile Company and against W. P. Carey, and D. J. Young, as members of such firm. It was alleged that both defendants resided in Cook County, Illinois, but were doing a mercantile business at Ben Arnold, in Milam County, Texas.

"A writ of attachment was issued and levied upon the land in controversy, as the property of Ben Arnold Company and B. J. Young, one of the partners. Service was by publication, and judgment was rendered against defendant, Ben Arnold Mercantile Company, and the individual partners, jointly and severally, for about $3900.00; and the attachment lien was foreclosed upon the property in controversy, and levied upon as the property of Ben Arnold Company and B. J. Young, one of the partners.

"The judgment awarded the plaintiff, Ike Looney, an order of sale, directing the sheriff of Milam County to sell the property, or so much thereof as might be necessary to satisfy the judgment.

"The order of sale was issued and was executed by levying upon the land in suit, which was sold thereunder to the plaintiff, Ike

Looney, including the improvements on the property, the bid being credited on the judgment; and was returned to the District Court of McLennan County, without placing the purchaser in possession.

"On the day of the sale, November 6, 1917, appellant in this suit, Mary J. Carey, instituted this suit in the District Court of Milam County, alleging that she was the owner of the land, and that her title was of record in Milam County long before the institution of the suit in McLennan County, and that she was not a party to the McLennan County suit, had no notice of the same, and had not appeared therein. She further alleged that she was in possession of the property through tenants, and had a store building on part of the land, in which her tenants had a stock of merchandise, exceeding $5000.00 in value. That for the sheriff to give the purchaser possession under the order of sale would require her tenants to be dispossessed, and their property injured, and would cause her great injury; and she prayed for an injunction to restrain the appellee and the sheriff from executing the writ of possession, and from disturbing her and her tenants in the lawful possession of the property.

"The District Judge granted a temporary writ of injunction, but did not make the same returnable to the District Court of McLennan County. Thereafter an amended petition was filed by Mrs. Carey, in which she alleged that the judgment of the District Court of McLennan County was absolutely void as to her, and as to the foreclosure of the attachment lien on her property; and seeking to restrain the appellant and the sheriff from enforcing such judgment and writ of possession, and from obtaining or enforcing any other writ of possession, and praying that the cloud cast upon her title by the sale and sheriff's deed be canceled and removed.

"The appellee, Ike Looney, filed a motion, asking the court to dismiss the cause for want of jurisdiction, because it was a suit for injunction to stay execution, and to interfere with the enforcement of the judgment rendered in the District Court of McLennan County; and that by law such a suit was returnable to the McLennan County District Court, in which the judgment was rendered. This motion was sustained, the temporary injunction dissolved, and the cause dismissed. The order of the court provided that the temporary injunction, however, should remain in force, pending the appeal, upon the filing of an appeal bond by the appellant, which has been done. Mary J. Carey has appealed, and assigned error upon the action of the trial court in dismissing her suit, which assignment presents a material question."

The question certified reads:

"Does Article 4653 apply to this case?"

We deduce from the decisions of the Supreme Court from the earliest times the uniform holding that the object of the statute was

to protect the judgments and processes of one court from interference by another by *direct* attack. As was said in North British etc. Ins. Co. v. Klaras, 222 S. W., 208:

"One of the evident purposes of its enactment was to afford a means for putting an end to litigation by preventing a defeated party from proceeding from one court to another, after his defeat, or in the hope of avoiding defeat, in an attempt to relitigate the case."

The test of jurisdiction in such cases is whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. If, in order to grant the relief, it is necessary to set aside or modify the judgment, or to regulate the processes issued thereunder, and the attack is made by a party to the judgment, the statute is mandatory and requires that the injunction suit be returnable to and tried in the court rendering the judgment. On the other hand, if the court in which the injunction suit is brought has general jurisdiction over the subject matter, and the relief may be granted, independently of the matters adjudicated in the suit whose judgment or process thereunder are sought to be restrained, the statute has no application. Consequently it has been held that where the judgment is not void, but merely voidable, or the processes under it irregular, a party to the judgment cannot maintain a suit in another court to enjoin its enforcement. Hendrick v. Cannon, 2 Texas, 259; Winnie v. Grayson, 3 Texas, 429; Cook v. Baldridge, 39 Texas, 250; Seeligson v. Collins, 64 Texas, 314.

Where, however, the judgment sought to be enjoined is void, and not binding upon the parties to it, the statute has no application. Bender v. Damon, 72 Texas, 92, 9 S. W., 747; Cotton v. Rhea, 106 Texas, 220, 163 S. W., 2; Ketelson v. Pratt, 100 S. W., 1172. Quoting from Cotton v. Rhea (opinion by Justice Phillips):

"Our view is that, if the judgment was a nullity as affirmatively disclosed by the record, it was subject to such collateral attack in any competent court otherwise vested with jurisdiction of the immediate action in which it might be challenged; that the authority of the court to restrain the enforcement of such a judgment is uncontrolled by Art. 4653, but proceeds from its power, in the exercise of a jurisdiction otherwise appropriately invoked, to protect rights from the operation of a void proceeding."

The same general principles have been applied to actions to enjoin the enforcement of executions. Where specific property has been levied upon under a general execution, the levy and sale may be enjoined in another court, even by a party to the suit. The ground of such holding is that the injunction of a sale of specific property on the claim that it is not subject to the levy, is not a stay or interference with the processes of another court. This holding has been frequently applied where the property levied upon was claimed to be exempt by the de-

fendant in execution. Van Ratcliff v. Call, 72 Texas, 491, 10 S. W., 578; Cotton v. Rhea, above; Leachman v. Capps, 89 Texas, 690, 36 S. W., 250; Cooper Grocery Co. v. Peter, 35 Texas Civ. App. 49, 80 S. W., 108 (writ of error refused).

On the other hand, where the judgment itself orders the sale of specific property, such sale cannot be restrained by another court upon the application of a party to the judgment. Seeligson v. Collins, above.

In Kruegel v. Rawlins, 121 S. W., 217, the Court of Civil Appeals for the Fifth District held, under the doctrine laid down in Van Ratcliff v. Call, that a suit to enjoin the clerk from issuing an execution at the instance of the nominal plaintiff in judgment did not come within the statute where the grounds for the injunction were that the nominal plaintiff in judgment had parted with his interest therein. A writ of error was denied in this case (124 S. W., 419, written opinion by Associate Justice Williams.)

We think it necessarily follows from these authorities that the statute has no application to a case in which the party seeking to restrain the enforcement of a judgment or sale thereunder is a stranger to the judgment. A proceeding to foreclose a lien is only *quasi in rem,* and the adjudication therein is binding only upon the parties to the proceeding and their privies. Edinburg Irrigation Co. v. Paschen, 235 S. W., 1088, and authorities there cited. As to strangers and their rights in the property foreclosed upon, the adjudication has no more force or binding effect than a void judgment has upon the rights of the parties thereto. And it follows necessarily that the statute in question has no more application to a suit brought by a stranger to such judgment than it has to a suit to enjoin a void judgment brought by a party thereto. The manifest hardship of applying the statute to a suit brought by a stranger to the judgment is forcefully illustrated in the present case. Under the allegations of the petition, which for our present purposes must be taken as true, the sheriff of Milam County was about to eject the plaintiff from property in her actual possession, under the presumed authority of a writ of possession issued out of a court of another county in a suit to which it is conceded she was not a party and by the decree in which she was in no way bound. The decree in the case did not purport to divest her rights in the property but merely foreclosed the interests therein of the defendants in judgment. The sheriff's sale could have no effect further than to divest the title which defendants had in the property and vest it in the purchaser; and the writ of possession was a warrant to the officer executing it only to dispossess the defendants in judgment or their privies and deliver that possession to the purchaser. To have ousted plaintiff, a stranger to the judgment, would have constituted a tres-

113 Tex.—7.

pass upon her rights, upon which the judgment did not even purport to operate. Without in any way questioning the binding effect of the judgment or the regularity of any process thereunder, she had the right to have her possession of the property protected against an illegal act of trespass, and this by the proper court in the county where the trespass was about to be committed. To hold otherwise would require the owner of property to seek redress in a distant forum from the injurious results of a decree in a proceeding in which he had not been summoned and had had no voice, and no opportunity to be heard—a result in no sense in the contemplation of the statute.

Upon the specific question of the application of this article to suits brought by a stranger to the judgment to enjoin the execution of an order of sale, there is some conflict among the Courts of Civil Appeals, and for that reason we deem it not amiss to review the decisions upon the question. .

As early as the case of Winnie v. Grayson, above, the Supreme Court, speaking through Judge Lipscomb, say:

"In this case, there were no rights of a third party intervening that justified separating the case from the original one complained of. Had the property of a third person been levied on by virtue of this execution, such third person might well have claimed that, as to him, his rights should be tried in the court of his domicile; but in this case the matters set up in defense against the execution, with propriety, belonged to the court in which the judgment was rendered, on which the execution was alleged to have been improperly and illegally issued."

In Ratcliff v. Call, above, the Court say:

"There can be no doubt that where the *execution of the judgment* generally is sought to be prevented, or where the writ is granted to stay, that is to stop, the execution of a judgment, the statute is imperative and is susceptible of but one construction—that is that the writ shall be returned or the suit brought in the county where the judgment was rendered.

"But the law requiring a suit to 'enjoin the execution of a judgment to be brought in the county of its rendition' evidently applies to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered and which should have been adjudicated therein. It has no application to parties who do not sue to stay or enjoin the execution primarily of the judgment as contemplated by the statute, but who sue to prevent the sale of property alleged to belong to them under a judgment, however valid and regular it may be, to which they are not parties and for the satisfaction of which their property could in no event be subject. Any other construction of the statute would where an execution was levied upon the property of persons not parties to

the judgment require such persons to adjudicate their rights to the same in a county not that of their domicil, and thus destroy a valuable privilege. We think there was no error in overruling the motion to dissolve the injunction on the ground that the writ was returnable to the District Court of Travis County. Winnie v. Grayson, 3 Texas, 429.''

In Seeligson v. Gifford, 46 Texas Civ. App., 566, 103 S. W., 416, by the San Antonio Court, and McDade v. Vogel, 173 S. W., 506, by the Galveston Court (writ of error refused), the express ruling is made that the statute has no application to a suit brought by a stranger to the proceeding sought to be enjoined. Cited in support of this ruling are: Winnie v. Grayson, and Van Ratcliff v. Call, above.

In each of the above cited cases it may be possible to uphold the decision upon grounds other than that the plaintiff was not a party to the judgment sought to be enjoined. It is clear, however, that in each case the court was strongly of the view that the statute had no application to such cases.

The following cases are directly in point, and their decisions can be upheld upon no other theory than that the statute does not apply to suits brought by a stranger to judgment in question. McCargo v. Smith, 23 Texas Civ. App., 714, 58 S. W., 188, by the Fort Worth court; Kinsey v. Spurlin, 102 S. W., 122, by the Austin court; Long v. Knott, 203 S. W., 1127, by the Dallas court.

The contrary doctrine was first held by the Austin court in Brown v. Fleming, 178 S. W., 964. A writ of error was granted in that case but was later dismissed without deciding the question, which, in the meantime, had become moot. 212 S. W., 483. This case was followed by the San Antonio court in Thallman v. Bank, 181 S. W., 791, in which a writ of error was refused; and later by the Austin court in Matthews v. Eyers, 206 S. W., 963.

The action of the Supreme Court in granting the writ in Brown v. Fleming and refusing the writ in Thallman v. Bank was had in the comparatively short space of fourteen months, during which time the personnel of the Supreme Court was not changed. In granting the writ in the former case the following unequivocal notation was made on the Supreme Court's docket:

''We are of the view that Art. 4653 has no application to a case of this character.''

In the light of these circumstances we do not feel that the refusal of the writ in the Thallman case should be held conclusive upon the question.

That case and Brown v. Fleming and Matthews v. Eyers are directly in conflict with McCargo v. Smith, Kinsey v. Spurlin, and Long v. Knott, above; are out of harmony with the principles an-

nounced in the above cited cases by the Supreme Court; are, we think, unsound in principle; and should therefore be overruled.

We conclude that the question certified should be answered in the negative.

The opinion of the Commission of Appeals answering certified question adopted and ordered certified to the Court of Civil Appeals.