**ROCKWELL BROS. & CO. et al. v. LEE et al.**
(No. 10591.)

Court of Civil Appeals of Texas. Dallas.
Sept. 14, 1929.

Rehearing Denied Nov. 2, 1929.

Wynne & Wynne, of Kaufman, for appellants.

G. O. Crisp, of Kaufman, for appellees.

LOONEY, J. Mrs. Lena Lee, joined pro forma by her husband, D. D. Lee, brought this suit in the county court of Kaufman county against J. M. Rockwell, doing business as Rockwell Bros. & Co., plaintiff in the judgment mentioned below, and B. F. Adams, sheriff of Kaufman county, to enjoin the sale of certain real estate situated in Kaufman county, levied upon by the sheriff as the property of D. D. Lee, under an execution issued on a judgment recovered in the county court of Kaufman county by Rockwell against D. D. Lee. The plaintiff Mrs. Lee based her right to injunctive relief on the ground that the land levied upon belonged to her and not to her husband, and that its sale would cast a cloud upon her title.

The sheriff answered, setting up his official relation to the matters involved, and asked to be protected as such. Rockwell answered, in effect, that the county court of Kaufman county was without jurisdiction, and, further, that Mrs. Lee claimed the land under a conveyance from her husband, D. D. Lee, executed at a time when he was insolvent, that the consideration for the conveyance was love and affection, not deemed valuable in law, and, further, that defendant was, at and prior to the date of said conveyance, a creditor of the said D. D. Lee; therefore the conveyance was void, that the land was subject to the payment of the judgment, and that the relief sought should be denied.

On hearing the court granted the temporary writ, from which defendants have appealed. ▪ The record fails to disclose any action of the court on the plea to its jurisdiction, nor is the question raised by appellant, but, as it is fundamental, for, if the court below was without jurisdiction, none was conferred on this court by the appeal, we will consider the question as one apparent of record.

▪ It may be stated at the outset that the following provision of article 4656, Rev. St. 1925, viz.: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered," has no application to a case such as the one under consideration, where the execution is levied upon property claimed by one not a party to the judg-

ment; therefore it cannot be contended that the court below took jurisdiction by virtue of that provision of the statute. See Baker v. Crosbyton, etc., 107 Tex. 566, 182 S. W. 287, 288; Long v. Knott (Tex. Civ. App.) 203 S. W. 1127.

■■ Section 16 of article 5 of the Constitution gives the county court jurisdiction over certain enumerated subjects and over all civil cases where the matter in controversy shall exceed $200 and does not exceed $1,000 in value, and further that "the county court, or judge thereof, shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court. * * *"

As the record fails to disclose the value of the subject-matter or any other facts that would bring the case within the terms of the Constitution, the county court was not shown to have had jurisdiction to issue the temporary writ. See De Witt County v. Henry Wischkemper, 95 Tex. 435, 67 S. W. 882; Cotton v. Rhea, 106 Tex. 220-224, 163 S. W. 2. Furthermore, county courts have no authority to issue temporary writs of injunction in any case where they are without jurisdiction to try the issue as to the perpetuation of the injunction. Mrs. Lee's case is grounded on the idea that she, and not D. D. Lee, defendant in execution, owned the land when levied upon, and, in order to determine her right to permanent relief, it will be necessary for the court to decide the question of ownership, a matter the county court has no jurisdiction to try. So for this further reason we believe the court below was without jurisdiction to issue the temporary writ. See McCall Co. v. Page (Tex. Civ. App.) 155 S. W. 655.

■ However, aside from the question of jurisdiction, we are of opinion that the issuance of the temporary writ was not justified, because the undisputed facts show that the land was voluntarily conveyed to plaintiff by her husband, D. D. Lee, on a recited consideration of love and affection, not deemed valuable in law; that D. D. Lee did not at the time possess sufficient property subject to execution to pay his debts, was insolvent, and further that at the time of said conveyance defendant Rockwell, plaintiff in execution, was and had been for some time an existing creditor of D. D. Lee. It follows, therefore, that the conveyance from D. D. Lee to his wife was void as to Rockwell, and the land levied upon was subject to the payment of Rockwell's judgment against him.

Article 3997, Rev. St. 1925, contains this provision pertinent to the facts of this case, to wit: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts. * * *"

The terms of this statute are plain and so clearly applicable to the facts of the case that argument is not necessary. Also see Panhandle Nat. Bank v. Foster, 74 Tex. 514–517, 12 S. W. 223; Dosche, Adm'r, v. Nette, 81 Tex. 265–268, 16 S. W. 1013; Maddox v. Summerlin, 92 Tex. 483–486, 49 S. W. 1033, 50 S. W. 567; New England, etc., Co. v. Avery (Tex. Civ. App.) 41 S. W. 673; Clark v. Bell, 40 Tex. Civ. App. 39, 89 S. W. 38; Collett v. H. & T. C. R. Co. (Tex. Civ. App.) 186 S. W. 239; First State Bank v. Walker (Tex. Civ. App.) 187 S. W. 724–726; Johnson v. Ewing (Tex. Civ. App.) 276 S. W. 784, 785.

As the only correct judgment the court below could have rendered was one of dismissal for want of jurisdiction, we will therefore reverse the judgment below and dismiss the cause.

Reversed and dismissed.