### MAIER v. DAVIS et al.
### No. 2584.

Court of Civil Appeals of Texas. Beaumont.
May 10, 1934.

W. E. Lea, of Orange, for appellant.

Sanders & McLeroy, of Center, for appellees.

O'QUINN, Justice.

Appellees, J. L. Davis and Mrs. W. C. Taylor, brought this suit in the district court of Shelby county, Tex., April 7, 1933, against appellant, Maier, and J. B. Sample, sheriff of Shelby county, to enjoin the levy of an execution issued out of the county court of Orange county, Tex. The judgment on which the execution was based was in favor of appellant, Maier, and against Lem Bouland, W. A. Davis, and Add Hooker, named as composing the partnership of Bouland & Davis. It was rendered January 21, 1933.

The grounds alleged for the injunction were that the firm of Bouland & Davis was composed of J. L. Davis and Mrs. W. C. Taylor, doing a general merchandise business at Tenaha, Shelby county, Tex.; that W. A. Davis nor Add Hooker were ever members of said firm, or had any interest whatever in same; that the judgment upon which the execution was issued and which was sought to be enjoined was void as to them, said J. L. Davis and Mrs. W. C. Taylor, because (a) neither said Davis nor Mrs. Taylor, composing the partnership of Bouland & Davis, was a party defendant in the suit wherein said judgment was rendered; (b) that neither said J. L. Davis nor Mrs. W. C. Taylor was served with any legal process commanding them to appear and answer in said suit; (c) that said judgment nowhere mentioned them or decreed anything against them, or either of them, but to the contrary decreed judgment in favor of appellant against Lem Bouland, W. A. Davis, and Add Hooker, a partnership operating under the firm name of Bouland & Davis; (d) that the citation in said suit nowhere named either of appellees, nor did it command the officer serving same to summon either of them to appear in said court to answer to said suit; (e) that no citation was issued out of the county court of Orange county commanding service upon either J. L. Davis or Mrs. W. C. Taylor, composing the partnership of Bouland & Davis, and the attempt of said officer to serve same upon J. L. Davis was unauthorized and void; and said process so attempted to be served

upon said J. L. Davis contained none of the prerequisites required by law, but was wholly void; and (f) that said county court of Orange county did not acquire or have jurisdiction over the person of either the said J. L. Davis, or Mrs. W. C. Taylor, or of the said partnership of Bouland & Davis, wherefore the said judgment rendered therein was and is wholly void as to them, and as to said partnership.

Temporary injunction was granted, and the cause set for hearing. The defendants appeared and answered by general demurrer, and special exceptions, (a) that plaintiffs had an adequate remedy at law, wherefore the injunction should be dissolved; (b) that the allegations asserting that the judgment was void were but mere conclusions of the pleader, and insufficient to warrant the issuance of the injunction; (c) that the district court of Shelby county was without jurisdiction to hear and determine the question of injunction; and (d) that the district court of Shelby county, upon granting the injunction, should have made the same returnable to the county court of Orange county, the court in which the judgment was rendered, for hearing. Further answer on the facts was made, and plea for 10 per cent. damages for delay was prayed for.

In addition to his answer and exceptions above noted, appellant filed his motion to dissolve the temporary injunction urging the same grounds as contained in his special exceptions. This motion was overruled. The cause was then heard and judgment entered making the injunction permanent.

At request of appellant, the court filed his findings of fact and conclusions of law. There is also in the record a full statement of facts agreed to by the parties and approved by the court.

Briefly stated, the court found:

(1) The partnership of Bouland & Davis of Tenaha, Shelby county, Tex., was composed of J. L. Davis and Mrs. W. C. Taylor, alone; that neither Lem Bouland, nor W. A. Davis, nor Add Hooker, were ever members of said partnership; and that Lem Davis and J. L. Davis are one and the same person.

(2) That M. E. Maier filed suit in the county court of Orange county, Tex., "complaining of Lem Bouland, W. A. Davis and Add Hooker, a partnership, operating under the firm name of Bouland & Davis, and who reside in Shelby County, Texas, hereinafter called defendants."

(3) That the clerk of said court issued a citation addressed to the sheriff or any constable of Shelby county, Tex., commanding such officer "to summon Add Hooker to be and appear * * * then and there to answer plaintiff's petition filed in a suit * * * wherein M. E. Maier is plaintiff and Add Hooker and Len Bouland and W. A. Davis, a partnership operating under the firm name of Bouland & Davis are defendants," and that said citation had attached thereto a certified copy of the plaintiff's original petition; that said citation was delivered by J. T. Dickson, constable, to J. L. Davis, and that no other citation was served on J. L. Davis, and that no citation whatever was served on Mrs. W. C. Taylor.

(4) That the clerk of said court issued a similar citation to that in the finding above, except that it required the officer to summon "Len Bouland and W. A. Davis, a partnership, to be and appear, etc.," and that, after delivering the citation and certified copy of the petition mentioned in the foregoing finding (No. 3) to J. L. Davis, the said officer made his return on the citation mentioned in this finding (No. 4), stating in effect that he delivered to "Lem Bouland or W. A. Davis" on December 21, 1932, "in person a true copy of this citation, together with the accompanying certified copy of plaintiff's petition."

(5) That on March 8, 1933, an alias execution was issued out of the county court of Orange county, Tex., directed to the sheriff or any constable of Shelby county, Tex., commanding such officer "of the goods and chattels, lands and tenements of the said Bouland & Davis, a co-partnership, and W. A. Davis and Add Hooker, individually defendants, you make or cause to be made, etc.," which said execution was delivered to the sheriff of Shelby county, Tex., who made demand upon J. L. Davis and the firm of Bouland & Davis for payment thereof, and was about to make a levy thereof upon the property of J. L. Davis, Mrs. W. C. Taylor, and Bouland & Davis, when a restraining order was issued restraining such levy, upon the petition of the plaintiffs herein.

(6) That upon hearing the injunction was made permanent.

(7) "I find that the judgment upon which the execution was issued recites that it was rendered against the firm of Bouland & Davis a partnership composed of Lem Bouland, W. A. Davis, and Add Hooker, but said judgment is not against J. L. Davis nor Mrs. W. C. Taylor, who alone composed the partnership of Bouland & Davis of Tenaha, Shelby County, Texas."

(8) "I find that neither J. L. Davis nor Mrs. W. C. Taylor, nor the partnership of Bouland & Davis composed of said individuals, owed M. E. Maier anything, by way of damages or, otherwise, at the time of the institution of said suit nor before nor after said time."

No objections were made by appellant to, nor any exceptions reserved against, any of the fact findings of the court. They are each and all fully sustained by the record, and we adopt same as our findings.

On the facts as found by the court, he concluded that no valid judgment was or could have been rendered against J. L. Davis, Mrs. W. C. Taylor, or the firm of Bouland & Davis, composed of said individuals, in the suit in the county court of Orange county, and that as to them and each of them, and said partnership composed of them alone, the judgment was wholly void, and that the temporary injunction restraining and enjoining the levy of said execution upon their property should be made permanent, and that the district court of Shelby county had jurisdiction, and that the injunction writ was properly made returnable to said court, and perpetuated said injunction.

■ As no citation commanding J. L. Davis to appear and answer in the Orange county suit was served on him, and he did not voluntarily appear, nor did any one appear for him, the judgment as to him was void. Levy v. Roper, 113 Tex. 356, 256 S. W. 251. He was not a party defendant in said suit, and was not condemned in the judgment therein. There can be no contention as to the judgment being void as to Mrs. W. C. Taylor. The designation of the partnership in plaintiff's petition in the Orange county court, naming Lem Bouland and W. A. Davis and Add Hooker as composing the firm of Bouland & Davis, and neither of the named persons at any time ever having been a member of said partnership, and it appearing that there was no such person as Lem Bouland nor W. A. Davis, no such service as the law requires was had to authorize a judgment against the partnership, and the judgment as to it was void.

■ The contention that the court was without jurisdiction to hear the plea for injunction because the writ was required by law to have been returned to the county court of Orange county for hearing, that being the court in which the judgment sought to be enjoined was rendered, is overruled. Article 4656, R. S., invoked by appellant declaring writ of injunction to stay execution on judgment returnable to and triable in the court where the judgment was rendered, does not apply where execution is levied on property of one not a party to the judgment. Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; Rockwell Bros. & Co. v. Lee (Tex. Civ. App.) 21 S.W. (2d) 30; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; 11 Tex. Jur. § 61, p. 791. Appellees were not parties to the suit wherein the judgment was rendered, nor were they mentioned in the judgment. Moreover, the judgment being void as to appellees, they could attack same in any court and at any time, when by virtue of same their rights were threatened. 25 Tex. Jur. § 252, p. 685.

■ The assignments urging that appellees were not entitled to injunction because they had an adequate remedy at law are overruled. The contention is that appellees could have appealed by writ of error, and, if the judgment was not correct, had it reversed. Appellees not being parties to the suit, neither of them having been legally served with citation, nor having voluntarily entered their appearance, the judgment was void, and, while a void judgment may be attacked directly as well as collaterally, there is no necessity for doing so; it need not be vacated or set aside; it may be simply ignored; and, when some right is asserted under the judgment, its invalidity may be shown in any court and at any time.

The fifth assignment challenges as error the court's conclusion of law that, under the pleadings of appellant in the suit in the county court of Orange county, and the facts shown, no valid judgment was or could have been rendered in said suit against appellee J. L. Davis. This assignment is overruled. No cause of action was alleged against J. L. Davis in appellant's petition in said court, nor was he served with any legal citation commanding him to appear and answer. He did not voluntarily appear, and so the court did not have jurisdiction of his person, and therefore was without authority to render any judgment against him.

The judgment is affirmed.