## HOLLAND TEXAS HYPOTHEEK BANK OF AMSTERDAM, HOLLAND, v. NOLEN et al.

### No. 10322.

·Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Nall & Weller, of Beaumont, for appellant.

T. M. Cox, of Beeville, for appellees.

SMITH, Chief Justice.

On July 14, 1937, appellant obtained a money judgment against E. E. Nolen and wife in the district court of the Seventy-Third judicial district, in and for Bexar county, together with foreclosure of a lien upon a tract of land in Bee county, owned by the Nolens.

In due course execution and order of sale issued out of the Bexar district court, to the proper officer of Bee county, and in pursuance thereof the officer levied upon said land and advertised it for sale, as provided by law.

Before the time appointed for the sale the Nolens obtained a temporary injunction from the district court of Bee county, in and for the Thirty-Sixth judicial district, restraining the sale of said land under or by virtue of said execution and order of sale.

The writ of injunction was made returnable to said district court of Bee county. The bank has appealed from the order granting the temporary injunction.

It is provided by statute that "writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." Article 4656, R.S.1925.

The statutes provide certain exceptions to this rule, but there is no pretense that this case comes within any of those exceptions. Articles 4643, 4646. The result is that, had the district court of Bee County had jurisdiction to grant the injunction in this case in any event, the provision in the writ making the same returnable to that court was erroneous.

But the injunction should not have been granted in any event, because it does not appear from the bill therefor that the judgment of the district court of Bexar county, out of which was issued the order of sale sought to be restrained, was void. In their bill for injunction appellees did not set out the judgment of the Bexar district court, in haec verba, or in purported substance, nor did they allege any specific facts, or any facts, or even conclusions, from

which it may be inferred that said judgment was void, and therefore the presumption in favor of its validity is conclusive, so far as this appeal is concerned.

Since the petition failed to show the judgment in process of enforcement was void, the distict court of Bee county was without jurisdiction to restrain its execution. Carey v. Looney, 113 Tex. 93, 251 S.W. 1040; Murph v. Bass (Tex.Civ.App.) 276 S.W. 767.

The judgment is reversed, and the cause dismissed, at the cost of appellees in this and the court below.