

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. M. Hooper
County Attorney
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. O-4857
RE: A strip of land along the south
boundary line of Yoakum County,
approximately 1/3 mile wide and
which has been included in the
Seminole Common School District
of Gaines County.

This will acknowledge receipt of your letter of September 14, 1942, requesting the opinion of this department, from which we quote as follows:

"There is a strip of land along the south boundary of this county approximately one-third of a mile wide. For many years this strip has been in dispute as to whether it was in Yoakum or Gaines Counties. During this time this strip has been included in the Seminole Common School District of Gaines County; school taxes have been paid to said district and the district has built and maintained a school building in the disputed area.

"About six weeks ago the Supreme Court of Texas in a case styled Gaines County v. Yoakum and Terry Counties (I do not have the citation) in effect decided that this disputed area was not in Gaines County but was in Yoakum County.

"The question has arisen as to whether this disputed area is still in the Seminole Common School District; whether such district can exercise dominion over same for school purposes and whether

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. M. Hooper - Page 2

taxes collected on said area for school purposes are to be paid over to the Seminole district.

"The County School Board asked my opinion which I gave verbally as follows: That common school districts can only be set up by the Commissioners Court of the County although they can later be subdivided by the County Board. That a Commissioners Court can only set up districts within the County, having no jurisdiction whatever outside of its boundaries. That the effect of the holding of the Supreme Court in the above mentioned case was that the strip had never been a part of Gaines County. That therefore the Commissioners Court of Gaines County, nor the School Board of said County have never exercised legal authority over said strip of disputed area although they have exercised actual authority for school purposes.

"I have further advised our Board that the only way that strip could legally be incorporated in the Seminole district would be for a county line district to be set up through the concurrent resolutions of the school boards of both Yoakum and Gaines Counties, which action has never been taken;

"Based upon the above I advised them that the disputed strip is within the common school area of Yoakum County and under the supervision and control of the Yoakum County Board. Further that all taxes paid over to the Seminole district, in view of the recent holding of the Supreme Court, were illegally paid and could probably be recovered if the proper action is brought.

"The School Boards of both counties have met. They wish your department to either confirm my opinion or to correct it and that they will abide by your decision without further proceedings.

"We will appreciate your consideration and opinion."

We also acknowledge receipt of your favor dated October 6, 1942, from which we quote in part as follows:

"This letter is to further advise you that
the territory involved in the school district dispute
lies, according to the decision of the Supreme Court
of Texas in the case of Yoakum & Terry Counties vs.
Gaines County, wholly within Yoakum County and is
north of the Harris line as set out in such decision."

We have read the opinion of the Supreme Court in the case of Gaines County v. Yoakum and Terry Counties, reported in 163 S. W. (2) 393, Advance Sheet. The effect of this decision, as we interpret it in connection with the information contained in your letter dated October 6, 1942, from which we have quoted in part, is to place the strip of land in question in Yoakum County. However, it appears that it had not been definitely determined whether this strip of land was in Gaines County or in Yoakum County prior to the opinion of the Supreme Court in the above case. The Gaines County school authorities, believing said area to be in Gaines County, included it in the Seminole Common School District of said county and assessed and collected school taxes thereon for a number of years. Therefore, in including said area in the said Seminole Common School District of Gaines County, the school authorities of said county, we think, were acting under color of law, and it is our opinion that the exercise of authority by the School Board of Gaines County over said area cannot be said to be illegal.

You say in your letter of date September 14, 1942, requesting an opinion from this department, that you have verbally advised the county school board that common school districts can only be set up by the Commissioners' Court of the county although they can later be subdivided by the County Board and that a Commissioners' Court can only set up districts within the county having no jurisdiction outside of its boundaries.

The authority to establish school districts rests in the County School Trustees, Article 2681, Revised Civil Statutes. This statute would not authorize the establishment of a school district to include territory within two or more counties. However, county line common school districts may be created to embrace territory within two or more counties in the manner prescribed by Article 2743, Revised Civil Statutes, with the

rights, powers and privileges set out in Article 2744 of said statutes.

Therefore, from what we have said, it is our opinion: (1) That the strip of land in question is within the common school area of Yoakum County; (2) that the school taxes that have been collected in said area and paid over to the Seminole Common School District were not illegally collected and paid; and (3) the School Boards of the Counties of Yoakum and Gaines can establish a county line common school district so as to include the area in question therein by proceeding in accordance with the provisions of said Article 2743, Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. P. Price
   Assistant

EPP:ST

APPROVED OCT 31, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS