**BROWN & CO. et al. v. ROHR et al.**

**No. 2768.**

Court of Civil Appeals of Texas.  Eastland.
Feb. 3, 1950.

C. O. McMillan, Stephenville, W. J. Oxford, Stephenville, Jack W. Frost, Eastland, for appellants.

J. M. Nuessle, Ranger, Frank Sparks, Eastland, Donald & Donald, Bowie, for appellees.

COLLINGS, Justice.

Appellee, Mrs. Eula Rohr, joined by her husband, brought this suit in Eastland County, Texas, against Brown & Company, alleged to be a nonexistent co-partnership, and the individual members thereof, the sheriff of Eastland County and appellant, the Stephenville Production Credit Association. Mrs. Rohr sought a judgment holding her to be the owner of certain property and equipment held by the sheriff under a writ of sequestration and to enjoin all parties defendant from selling, secreting, moving or disposing of such property pending final determination of the suit. From a judgment of the trial court granting a writ of temporary injunction, the Stephenville Production Credit Association brings this appeal.

Appellant, Stephenville Production Credit Association, had filed a suit in Erath County against Brown & Company, a partnership, and the individual members thereof, on a promissory note and for a foreclosure of a chattel mortgage lien on the property here involved, together with other property. A writ of sequestration was issued out of the Erath County District Court and the sheriff of Eastland County took possession of the property under such writ. Appellee, Mrs. Eula Rohr, filed this suit alleging that a portion of the property taken under the writ of sequestration was her separate property and prayed that upon final trial of the cause, the title and possession of such property be awarded to her and that, pending such final hearing, all defendants be restrained from selling, giving away, removing and secreting the property. Upon a hearing in the District Court of Eastland County for the purpose of determining whether the temporary injunction should be granted, it was found that Mrs. Rohr and her husband were not parties to the suit pending in Erath County; that the suit in Eastland County was independent in its nature, involving the title to the personal property in question located in Eastland County; that Mrs. Eula Rohr was in fact, the owner of such property in her own separate right and was the owner prior to the levy of the writ of sequestration, and that the Commercial State Bank of Ranger had a valid prior mortgage on a portion of such property. The temporary injunction was granted as prayed.

In Points 1 and 2, appellant attacks the jurisdiction of the District Court of Eastland County. Appellant contends that the injunction sought by appellee was an effort to restrain proceedings in the District Court of Erath County concerning property in the custody of that court; that the property was taken into custody under a writ of sequestration duly issued; that such writ was executed and the property taken by the sheriff of Eastland County under the writ and is, therefore, in the custody of the District Court of Erath County, and that such custody is exclusive until the subject matter of the suit there pending is disposed of.

In our opinion, appellant's contention cannot be sustained. The basis of the suit brought by Mrs. Rohr in Eastland County was her claim of ownership and right to possession of the property levied

upon. Although the action was not brought under Rule 717 of the Texas Rules of Civil Procedure, providing for the trial of right of property when a writ of sequestration is levied upon personal property claimed by one not a party to the suit, Mrs. Rohr had the right to an action in court for the wrongful taking of her property regardless of such statute and was not limited to the remedy therein provided. Carmichael v. Page et al., Tex.Civ.App., 32 S.W.2d 674. The question of Mrs. Rohr's ownership of the property levied upon was not involved in the suit in Erath County nor was she a party to such suit. The writ of sequestration was not directed against her but a levy under the writ was made on property claimed by her and situated in Eastland County. Mrs. Rohr had the right under such circumstances, to bring suit in Eastland County to protect her title and right to possession of such property. The injunction was ancillary to the suit for title and possession and was properly granted. Carey v. Looney et al., 113 Tex. 93, 251 S.W. 1040; Gilbert Winnie v. Benjamin S. Grayson, 3 Tex. 429; Rockwell Bros. & Co. et al. v. Lee et al., Tex.Civ.App., 21 S.W.2d 30; Bender v. Damon et al., 72 Tex. 92, 9 S.W. 747; Maier v. Davis et al., Tex.Civ.App., 72 S.W.2d 308; Gann v. Montgomery, Tex. Civ.App., 210 S.W.2d 255; Thomason v. Sherrill et al., Tex.Civ.App., 47 S.W.2d 865.

The judgment of the trial court is affirmed.