June WILLIAMS, Relator,

v.

Honorable Menton MURRAY, Jr., Presiding Judge of the 103rd Judicial District Court, Cameron County, Texas, Ed Stapleton, John Haywood and Janie Hughston, Respondents.

No. 13–89–372–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1989.

Robert D. Cohen, Cohen & Zwerner, Dallas, for relator.

Ed Stapleton, Costilla & Stapleton, John Haywood, Law Offices of John Haywood P.C., Dana Allison Lester, Allison, Chavez & Sweetman, Brownsville, for respondents.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

SEERDEN, Justice.

This is an original proceeding brought by June Williams against the Honorable Men-

ton Murray, Jr., Ed Stapleton, John Haywood and Janie Hughston. Relator requests this Court to order Judge Murray to dissolve a temporary restraining order in a case styled Janie Hughston v. June Williams, Robert Williams, First Financial Development Corporation and Alex Perez, Sheriff of Cameron County. Judge Murray granted an order temporarily staying execution of a judgment rendered by a Dallas court which had been assigned to relator. Relator contends that only the 134th Judicial District Court in Dallas has jurisdiction to enjoin that judgment's execution because it was issued from that court. We deny relator's relief.

In August 1988, a final judgment was entered in favor of First City Bank of Dallas against Robert Williams (relator's husband), First Financial Development Corporation, (relator's husband is the corporation's president), and others, in the 134th District Court of Dallas County. The judgment was a money judgment for more than two million dollars. In January 1989, relator, June Williams, purchased an assignment of that judgment from First City Bank for $2,200,000.00. Relator subsequently had a writ of execution issued for a sheriff's sale to be held on September 5, 1989, on some condominium property owned by First Financial which is located in Cameron County.

Meanwhile, Janie Hughston, the real party in interest, filed suit against relator, Robert Williams, First Financial Development Corporation and Alex Perez, Sheriff of Cameron County. Hughston's suit seeks a judicial determination that the Bank's assignment to relator was void. In conjunction with that suit, Hughston sought to restrain relator from executing on the condominium property. Hughston alleged in her petition that she received a judgment in her favor on May 30, 1989 against First Financial Development Corporation and others. An abstract of judgment had been recorded at the time Hughston filed her petition. She alleged that because of the facts presented concerning the assignment that she is a person interested in and affected by the assignment. In her pleading, Hughston also alleged that

relator was a 50% owner of First Financial Development Corporation. In essence, Hughston's claim is that relator's assignment of the judgment was a means to defraud creditors of First Financial. She brought her causes of action under the Texas Uniform Declaratory Judgment Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.001, et seq. (Vernon 1986) and the Texas Uniform Fraudulent Transfer Act, Tex.Bus. & Com.Code Ann. § 24.001, et seq. (Vernon 1987). Hughston also requested relief pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986). Such actions would properly have been brought in Cameron County.

The primary issue before us is whether Tex.Civ.Prac. & Rem.Code Ann. § 65.023 (Vernon 1986) applies to this case, which would require Hughston to bring her suit in Dallas County. That section states that a writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment is rendered. The trial court in Cameron County assumed jurisdiction over Hughston's suit and granted a restraining order temporarily prohibiting relator from selling on the Cameron County property. Hughston argues that § 65.023 does not apply to suits by strangers to the judgment who seek to enjoin an execution because of an interest in the property being executed upon. Respondent also argues that § 65.023 is only applicable if a party is attacking the validity of the judgment. She does not question the validity of the judgment, only the propriety of the assignment.

The object of § 65.023 is to protect the judgment and processes of one court from interference by another court. *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040, 1041 (Comm.App.1923). The test for a court's jurisdiction in such matters was ably stated by the Court in *Carey* as:

whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. If, in order to grant the relief, it is necessary to set aside or modify the judgment, or to regulate the processes issued thereun-

der, and the attack is made by a party to the judgment, the statute is mandatory and requires that the injunction be returnable to and tried in the court rendering judgment. On the other hand, if the court in which the injunction suit is brought has general jurisdiction over the subject matter and the relief may be granted, independently of matters adjudicated in the suit whose judgment or processes thereunder are sought to be restrained, the statute has no application. Consequently, it has been held that where the judgment is not void, but merely voidable, or the processes under it irregular, a party cannot maintain a suit in another court to enjoin its enforcement. Where, however, the judgment sought to be enjoined is void, and not binding upon the parties to it, the statute has no application. *Id.*

Tex.Rev.Stat.Ann. art. 4656, the predecessor statute of § 65.023, has been held inapplicable to suits by non-parties to a judgment who seek to enjoin execution upon property in which they have an interest. *Van Ratcliff v. Call,* 72 Tex. 491, 10 S.W. 578, 579 (1889). The rule has been stated that an action in equity to set aside an execution sale must be brought in the court out of which the writ was issued, even if the validity of the judgment is not questioned. *Ross v. Brown,* 491 S.W.2d 690, 691 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). However, under the former venue rules, article 4656 was considered mandatory when injunctive relief was the principal relief sought by the action, but was not applicable where the restraint sought was incidental or ancillary. *See Flewellen v. Brownfield State Bank & Trust Co.,* 517 S.W.2d 384, 388 (Tex.Civ.App.—Amarillo 1974, no writ). Here, respondent Hughston is not seeking to set aside the judgment in question. Nor is she seeking to set aside an execution. Her pleadings request only that the execution sale be stayed so that the rights of the parties can be determined in her declaratory judgment action. She claims an interest in the property based upon an abstract of judgment which shows that she has a judgment of $988,-

282.10 against First Financial whose property relator is attempting to have sold.

We find that § 65.023 is inapplicable to this case, because respondent was a stranger to the Dallas judgment and the injunctive relief she seeks is only ancillary to the suit she filed against relator. The trial court was not attempting to interfere with the Dallas court's judgment. Rather, the granting of the temporary restraining order was merely a way of preserving the status quo until a determination of the parties' rights could be made. We hold that the trial court was properly vested with jurisdiction. We therefore deny relator's writ.