## B. M. HAMMOND ET AL. v. E. R. TARVER, RECEIVER.

### No. 633.

**1. Foreclosure—Mortgage Bond—Actions—Parties.**

While generally a decree of foreclosure in favor of the holder of a portion of a series of trust mortgage bonds upon the bonds held by him will not convey a title free from the mortgage, yet where the interested parties are numerous, suit may in a proper case be maintained ·by some on behalf of all, in which event the foreclosure would be conclusive on all.

**2. Same—Decree—Receiver.**

The actual presence in court of all persons whose rights may be affected by the decree is not necessary where the property is decreed to be sold through a receiver to satisfy the creditors of an insolvent.

**3. Receivership—Power of Court Over Property in Its Custody.**

After a court of competent jurisdiction has taken property into its custody through its receiver, no other court has the right to interfere with its power to control and dispose of it.

APPEAL from Webb. Tried below before Hon. A. L. McLEAN.

*J. O. Nicholson,* for appellants.—A decree of foreclosure in· favor of the holder of portion of a series of trust mortgage bonds, upon the bonds held by such holder, will not convey a title to the property rights and franchises of the mortgagors, covered by the trust mortgage, freed from the incumbrance of such mortgage. Commonwealth v. Railway, 1 Lawyers' Rep. Annotated, 226, 228.

*E. A. Atlee,* for appellee.—The regularity or validity of a receiver's sale will not be questioned in another suit or court, if the court decreeing the sale had jurisdiction in the premises. Fagan & Osgood v. Ice Mac. Co., 65 Texas, 324; Mills v. Paul, 4 Texas Civ. App., 503; Nat. Bank v. Rachmond Factory (Ga.), 47 Am. and Eng. Corp. Cas., 399; Rorer Jud.

Sales, sec. 232; 2 Jones on Mortgages, sec. 1612; Peale v. Phipps, 14 How., 368; Wiswall v. Sampson, 14 How., 52.

JAMES, CHIEF JUSTICE.—The suit was by E. R. Tarver, the receiver of the Laredo Improvement Company, to recover of B. M. Hammond, the Laredo Electric and Railway Company, G. Bedell Moore, E. S. Harris, C. F. Drake, and Charles F. Yeager, the amount of twelve notes and to foreclose a vendor's lien. The notes had been executed by Hammond alone to B. F. Nicholson and Charles F. Yeager, who preceded Tarver as receiver of said company, as part of purchase for certain real estate deeded by them to Hammond, and the other defendants were sought to be held on these notes, on allegation that Hammond was their representative and agent in the transaction, which was denied. The Electric and Railway Company denied its liability except as to one of the notes, which it had assumed to pay in the purchase of part of the property from Hammond. The defense, which is the principal one we have to deal with on this appeal, is known in this record as the fourth clause of Hammond's answer, which is substantially as follows:

That Hammond had purchased the property under an order of the court in which the receivership was pending, which provided that the property when sold should be free from all liens except for two-thirds of the purchase price thereof; that notwithstanding this order, and the declarations and representations of the receivers at the time and before the sale to the same effect, a suit had been filed, and was still pending, before the maturity of the 12 notes, in the Circuit Court of the United States at San Antonio, by one William H. Wright (a holder of 69 out of 500 of the bonds of the company of the denomination of $1000 each, which were secured by a first mortgage lien on the property) against the company and Hammond; and that the sale under which Hammond had purchased was by virtue of said District Court decree, whereby said mortgage had been foreclosed, and which recited in substance that the real estate should be sold free from any and all liens that had at any time been placed thereon by the said Improvement Company; that the receivers had executed to him a general warranty deed to the property, subject only to the vendor's lien for two-thirds of the purchase price; that said Wright was setting up and seeking to foreclose his said mortgage lien upon the property in the Federal Court, and that if he should be successful in that court, Hammond would be irreparably injured, the company being insolvent, and the receivers unable to indemnify him for moneys he would in that event have to pay to Wright to protect his title. The Laredo Electric and Railway Company adopted this defense in its pleadings.

The judgment of the District Court was in favor of defendants, Moore, Drake, Harris and Yeager, and in favor of the receiver for the entire amount sued for against Hammond, and against the Laredo Electric and Railway Company, for one of the notes, and ordering a sale of the property of the last-named company first, and if any balance remained

of the judgment against Hammond, then for a sale of the property that remained with Hammond to satisfy it.

It appears from the pleadings of defendant Hammond that the District Court of Webb County assumed control of the property of the Laredo Improvement Company, an insolvent corporation, in 1891, in a suit brought by W. Showalter against the corporation. What particular relief was sought by the original suit does not appear, but there can be no other conclusion in this proceeding than that the granting of the receivership was a proper exercise of power, and from what does appear, we conclude that the purpose and scope of the receivership was to administer and settle the affairs of the insolvent corporation.

It appears that the Galveston National Bank intervened in said cause as the holder of 431 of the 500 first mortgage bonds, and the court ordered the sale of the property for the satisfaction of the mortgage, directing that the proceeds of the sale be applied to the payment of all the bonds, including the 69 not held by the intervenor, and upon which William H. Wright as holder thereof after the sale brought suit in the Federal Court against the corporation and Hammond.

In March, 1892, the sale was made to Hammond at public sale as decreed, and the notes sued on were given for two-thirds of the price, and the vendor's lien retained in the deed executed to him, and it was admitted by the Electric and Railway Company that it had assumed the payment of one of the notes given by Hammond (note No. 12) in a purchase of part of the property from him.

*Opinion.*—The plaintiff demurred to the defense stated in the fourth subdivision of the pleading of Hammond, and the demurrers were sustained. The assignments of error amount to this, that the matter pleaded constituted a defense to the suit in that it showed substantially that in the purchase of the property upon which plaintiff was seeking to foreclose a vendor's lien, appellant had relied upon the representations of the receivers, and upon the recitals of a judgment of the District Court under which the sale was made, that the same was free from liens and encumbrances, and that he had received a general warranty deed therefor, subject only to the vendor's lien in favor of the receivers, and that since said purchase and before the maturity of the vendor's lien notes sued on, an adverse claim antedating his purchase, viz., a certain mortgage lien, had been set up on the property so purchased and a suit instituted for foreclosure of same, and that if such claim shall be established he will be irreparably injured, because there is not any solvent person liable to him on the warranty of title who can reimburse him for any sum that he may have to pay on said adverse claim. The correctness of the court's action in striking out this defense is the only question presented to us, and we must deal with it in the light of the facts which are apparent from the same pleading as they are stated in our conclusions of fact.

The following is in substance the proposition advanced in the brief of appellants:

1.   That said portion of the answer showed that the property was sold as and for a good title and free from all liens and encumbrances, and the court ought not to compel his enforcing payment of the notes unless he has obtained under his deed such a title to the property as he was led to suppose he was buying.

2.   That appellants relied upon the recitals of the decree and the representations of the receivers that the property was being sold free of liens, and had a right to so rely, and should not be required to complete the payment of the purchase price until they receive such a title.

3.   That the allegations show that neither the Manhattan Trust Company, the trustee on the mortgage, nor W. H. Wright, nor any other person interested in the 69 bonds, was a party to the foreclosure (receivership) proceedings, and that said mortgage covered the identical property involved in this suit, and this being the case, Wright was not bound by the decree in the case of Showalter v. The Laredo Improvement Company, and as the latter case is still pending, appellants should have been relieved from the irreparable injuries they will necessarily suffer if they are compelled to complete their purchase by payment of the balance of the purchase price.

4.   That the contract of purchase being executory, and in fact a contract between the court and Hammond, and the proceeding in which the sale was had still pending, and the latter being induced to enter into the contract by the representations of the court as shown in the recitals of the decree ordering the sale and by the representations of the receivers as agents of the court, it would be inequitable and unjust to compel Hammond to complete the purchase, unless the court can give him the property free from all encumbrances created by the Improvement Company, as it undertook, promised, and agreed to do, when by such failure Hammond and those holding under him would be irreparably injured.

5.   A decree of foreclosure in favor of the holder of a portion of a series of trust mortgage bonds, upon the bonds held by such holder, will not convey a title freed from the mortgage.

We have grouped these propositions, because they are different expressions of the general principle sought to be applied in this case.

The last of said propositions undertakes to state the general rules which prevail in cases of foreclosure.

But the rule has exceptions, based on necessity, as where the interested parties are numerous and suit may in a proper case be maintained by some on behalf of all, and when the exception applies, the foreclosure is necessarily conclusive on all.   Wiltsie on Mortgage Foreclosures, sec. 112;  Jones on Mortgages, art. 1385.

The actual presence in court of all persons whose rights may be affected by the decree, is generally recognized as not necessary where

property is decreed to be sold through a receiver to satisfy the creditors of an insolvent. The reason for this is that the receiver is regarded as the representative of the creditors, and therefore they are through him in effect or constructively before the court. High on Receivers, sec. 314; Jones on Mortgages, art. 1535.

Any other rule would in many instances of a bonded indebtedness where from the nature of the bonds it is difficult or impossible to ascertain all those who are interested, seriously impair, if not defeat the power of the court to carry out the purpose of the receivership, and provide for the application of the property to the payment of debts.

We conclude, therefore, that want of notice to the holder of the 69 bonds, or to the trustee in the mortgage, did not affect the power of the court to decree the sale, which was in terms decreed for the benefit of all the bondholders.

It follows from the above conclusion that the sale passed to the purchaser the title of the corporation to the property freed from the mortgage, and the facts stated in the 4th subdivision of the answer failed to show the existence of an outstanding lien in respect to the 69 bonds. The recital in the decree and receiver's deed that the sale was made free of encumbrances, was but the asseveration of the effect the conveyance would have without such expression, where the sale was made to satisfy all the mortgage creditors.

It is well settled that after a court of competent jurisdiction has taken property into its custody through its receiver, no other court has a right so long as this condition exists to interfere with its power to control and dispose of it, and this rule of jurisdiction is uniformly adhered to by both the Federal and the State courts. It appears from the said paragraph of the answer that the proceeding in the Circuit Court of the United States was not begun until after the receivership, and in fact after the sale in question had been effected; and it will not be supposed that the Federal Court, if the facts which are stated in the answer were brought to its attention (and it was in the power of Hammond to do so, as he was a defendant in that court) would have undertaken to disturb by its decree the possession of the property by the court having custody of it, or to enforce a sale of it to satisfy the judgment it may have rendered, or in any manner to overrule or direct the District Court in respect to the sale of the property, particularly where the 69 bonds were recognized and provided for in the decree. Such action of another court would, we think, have been void. Ellis v. Water Co., 86 Texas, 111.

The District Court did not err in proceeding to try the case without regard to the defense set up in the 4th subdivision of the answer, and this being the only matter assigned as error, its judgment is affirmed.

*Affirmed.*

Delivered June 26, 1895.

Writ of error refused.