## SALAMY v. BRUCE et ux.  (No. 3338.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 30, 1929.

F. H. McGregor, of Amarillo, for appellant.

JACKSON, J. On December 22, 1926, N. F. Salamy obtained a judgment against W. L. Bruce, in cause No. 64 in the district court of Hutchinson county, Tex., which is as follows:

"This day in the above entitled and numbered cause, wherein N. F. Salamy, doing business as Amarillo Wholesale Grocery Co., is plaintiff, and W. L. Bruce is defendant, came the plaintiff, by his attorney, and the defendant by his attorney in fact, Ove Overson, and a power of attorney being duly filed in this court by which it appears that the said Ove Overson is appointed attorney in fact of the said W. L. Bruce, defendant, for him, the said W. L. Bruce, and in his name to confess judgment in this suit in favor of the said N. F. Salamy * * * in the sum of $1,345.00, and it appearing from the plaintiff's petition herein filed and duly verified by affidavit that the alleged cause of action is just and the defendant, by Ove Overson, his said attorney in fact, having confessed judgment as herein given, it is therefore considered, ordered, adjudged and decreed by the Court that the plaintiff * * * do have and recover of the defendant W. L. Bruce, the sum of $1,345.00, with interest * * *" costs, etc.

On July 5, 1929, W. L. Bruce and Ina U. Bruce filed their petition in the county court of Hutchinson county, Tex., to enjoin N. F. Salamy, the sheriff of Hutchinson county, and his deputies, from levying against the property of petitioners an execution issued on said

judgment out of the district court of Hutchinson county, Tex. Petitioners allege that the defendant, N. F. Salamy, through fraud, obtained said judgment against W. L. Bruce in the district court of Hutchinson county, Tex., on the 22d day of December, 1926; that W. L. Bruce had not been served with citation or any other character of notice at the time of said judgment, but, after said judgment was rendered in the district court of Hutchinson county, Tex., W. L. Bruce delivered to N. F. Salamy a check drawn by the Marland Oil Company, payable to W. L. Bruce in the sum of $957.80; that the defendant, Salamy, and his attorney, agreed to return to Bruce out of the proceeds of such check $50.80, and the balance of $907 should liquidate all obligations of whatever kind and character due Salamy by the said W. L. Bruce.

Petitioners allege that Ina U. Bruce owns as her separate property two trucks; that she was not a party to the suit in the district court in which N. F. Salamy obtained his judgment against W. L. Bruce; that N. F. Salamy has caused to be issued out of the district court of Hutchinson county, Tex., an execution to collect a balance of $490.71 on said judgment, placed the same in the hands of a deputy sheriff of Hutchinson county, Tex., who is threatening and attempting to levy same on the property of petitioners, and especially on the separate property of Ina U. Bruce, and, unless restrained, will levy and sell said property; that petitioners have no adequate remedy at law, and will suffer irreparable injury, unless as prayed an injunction be granted restraining Salamy, the sheriff of Hutchinson county, and his deputies, from levying upon and selling under execution petitioners' property and especially the separate property of Ina U. Bruce.

On September 2, 1929, N. F. Salamy, although he had not been served with notice of such injunction, appeared and answered therein by a plea to the jurisdiction of the court, general demurrer, special exceptions, a denial of the equities of the bill, and also alleged that the judgment he obtained in cause No. 64 in the district court of Hutchinson county, Tex., against W. L. Bruce, was a valid, subsisting, and binding judgment in full force and effect, except that Bruce was entitled to a credit of $957.80 thereon; that no motion for new trial was filed in cause No. 64; no appeal or writ of error was prosecuted from the judgment therein; admitted that he had alias execution issue on said judgment to collect the balance thereof, and admits that said execution should have been levied upon the property of W. L. Bruce and upon the two trucks claimed by the petitioner Ina U. Bruce.

On the 13th day of September, A. D. 1929, after a hearing, the court overruled defendant's plea to the jurisdiction of the court, his general demurrer and special exceptions, his motion to dissolve the injunction, and continued the injunction theretofore granted in full force and effect, from which action of the court this appeal is prosecuted.

Appellant challenges the jurisdiction of the county court to issue the injunction on the application of W. L. Bruce, first, because the judgment sought to be enjoined was not void on its face, but was a valid and unsatisfied judgment; second, because, if the county court had jurisdiction to issue a writ of injunction enjoining the execution of the judgment of the district court, such writ must be made returnable to the district court which rendered the judgment.

██ "It is the general rule that, if the record discloses the court rendering such judgment was without jurisdiction, the same is void, and open to contradiction or impeachment in a collateral proceeding. If it does not, the judgment is merely voidable, and can only be attacked in a direct proceeding." Ringgold v. Graham et al. (Tex. Com. App.) 13 S.W.(2d) 355, 356, and authorities cited.

The district court had jurisdiction to render the judgment in cause No. 64, and it is in substantial compliance with article 2225, R. C. S., and is not void on its face.

In Cotton v. Rhea et al. 106 Tex. 220, 163 S. W. 2, the Supreme Court holds that a court is without authority to enjoin the enforcement of a judgment of another court, unless such judgment is void.

Article 4656, R. C. S., provides that:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

Under this article, "the test of jurisdiction in such cases is whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. If, in order to grant the relief, it is necessary to set aside or modify the judgment, or to regulate the processes issued thereunder, and the attack is made by a party to the judgment, the statute is mandatory and requires that the injunction suit be returnable to and tried in the court rendering the judgment. On the other hand, if the court in which the injunction suit is brought has general jurisdiction over the subject-matter, and the relief may be granted, independently of the matters adjudicated in the suit whose judgment or processes thereunder are sought to be restrained, the statute has no application. Consequently it has been held that where the judgment is not void, but merely voidable, or the processes under it irregular, a party to the judgment cannot maintain a suit in another court to enjoin its enforcement." Carey v. Looney, 113 Tex. 93, 251 S. W. 1040, 1041.

██ The requirement that injunctions granted to stay the execution on a judgment shall be returnable to and tried in the court where

382

such judgment was rendered is jurisdictional. Darlington v. Allison (Tex. Civ. App.) 12 S.W.(2d) 839; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31.

It is manifest that, in order to grant relief to W. L. Bruce, it was necessary to set aside or modify the judgment of the district court in cause No. 64 or to regulate the processes issued thereunder and W. L. Bruce, being a party to the judgment in cause No. 64, the court was without jurisdiction to grant such relief.

The appellant challenges the jurisdiction of the county court to issue the injunction on the application of Ina U. Bruce because the value of the trucks which she claims to be her separate property was not alleged.

"In the cases of Dean v. State, 88 Tex. 296, 30 S. W. 1047, 31 S. W. 185, and Johnson v. Hanscom, 90 Tex. 321, [37 S. W. 601] 38 S. W. 761, this court held that the power of the county court to issue writs of mandamus under the section of the constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000 in value. In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated." De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882, 883.

Under this record and the above authorities, the county court was without jurisdiction to grant the injunction in behalf of either or both of the petitioners.

The injunction is dissolved, and the case is dismissed.