## JONES et al. v. MOORE et ux.

### No. 10075.

Court of Civil Appeals of Texas. Galveston.

Oct. 5, 1933.

Dorbandt & Dorbandt, of Tyler, for appellants.

LANE, Justice.

On the 2d day of August, 1933, Elliott Jones, attorney in fact for the underwriters at Lloyds-America, filed in the Ninety-Fourth district court of Bexar county, Tex., his application to take the depositions of Mr. and Mrs. Frank Moore, husband and wife, who reside in Anderson county, Tex. He alleged that he anticipates the institution of a suit in which he may be interested; that he wishes to perpetuate the testimony of said parties, to be used in said suit if brought; that if such suit is instituted said Frank Moore and wife will be adversely interested to him therein. He further alleged that the anticipated suit will, if instituted, grow out of the following matters, claims, and facts, to wit: "Witness Frank Moore alleges that Elliott Jones, Attorney-in-Fact for the Underwriters at Lloyds-America, issued to him insurance policy No. DH-7764 covering household goods and wearing apparel located at 717 Elm Street, Palestine, Texas, and that on or about May 30, 1933, said household goods and wearing apparel were totally destroyed by fire, that said household goods and wearing apparel were of the total value of Four Thousand One Hundred Forty One and 09/100 ($4141.09) Dollars. That amount of said insurance policy was Two Thousand ($2000.00) Dollars and that said Frank Moore claims that Elliott Jones now owes him Two Thousand ($2000.00) Dollars, on account of above premises "

He prayed for the issuance of a proper writ to take the depositions of Frank Moore and wife.

Notice, with appellants' petition attached, was served upon Moore and wife in Anderson county on the 9th day of August, 1933.

On the 18th day of August, 1933, Frank Moore and wife filed in the district court of Anderson county their petitions praying for the issuance of a temporary injunction restraining Elliott Jones, attorney in fact for underwriters at Lloyds-America, a resident of Bexar county, Tex., and J. C. Dorbandt and M. S. Dorbandt, attorneys for Elliott Jones, residents of Smith county, Tex., and each of them, from taking the depositions of petitioners by virtue of the notice and petition served on them, and that the court (district court of Anderson county) upon final hearing make such temporary injunction permanent.

As cause for such injunctive relief, applicants set out in full the respondents' petition. They then alleged that respondents had no legal or equitable right to take their depositions; that respondents had not stated the character of questions that would be propounded to applicants so as to show the nature of the evidence sought; that such depositions are sought for the purpose of obtaining evidence that would probably impair the rights of applicants; that respondents' application to take said depositions is not made in good faith as contemplated by statute, but is made for the purpose of seeking to ascertain some character of testimony which might in some manner defeat some part of the claim applicants jointly have against Lloyds-America; that the effort to take said depositions is an effort on the part of respondents to harass, embarrass, and browbeat applicants into accepting a small and insignificant sum in settlement of their claim against Lloyds-America. They alleged that if respondents were allowed to take their depositions, they would suffer irreparable injury, etc. The application was duly sworn to.

Upon the sworn petition of Moore and wife, the district judge, in vacation, granted the temporary writ of injunction prayed for, restraining respondents from taking applicants' depositions, and made said writ returnable to the next term of the district court of Anderson county to be convened on the 4th day of December, 1933, at which time the cause was to be tried on its merits so as to determine whether or not said temporary injunction should be made permanent.

Elliott Jones and the other respondents have appealed from the judgment rendered.

By assignment of error No. 2, appellants insist that neither the district judge of the district court of Anderson county, nor the district court of said county, had jurisdiction to issue the order granting the temporary injunction granted upon the sworn petition of Moore and wife, as there is no allegation in such petition that there was no judge residing in either Bexar or Smith counties, the counties in which the respondents reside and where they resided at the time the petition was filed, who could be reached by ordinary and available means of travel and communication in sufficient time to effect the purposes of the writ sought.

Appellants' assignment is sustained. The sworn petition presented to the district judge of Anderson county showed on its face that Elliott Jones is a resident of Bexar county, Tex., and that J. C. Dorbandt and M. S. Dorbandt are residents of Smith county, Tex. There was no affidavit attached to said petition stating that the desired relief had been sought from any district judge of Bexar county or Smith county; nor was any showing whatever made that any effort had been made to obtain said relief from any district judge of Bexar county or Smith county, or that said judges had failed or refused to grant such relief or said judges were inaccessible. There was no finding by the district judge of Anderson county that appellees had made any effort to obtain the desired relief in Bexar county or Smith county; nor did his order contain a finding that such was the case.

Article 4643, R. C. S. of Texas, provides, in so far as applicable, as follows:

"No district judge shall grant a writ of injunction returnable to any other court than his own except in the following cases:

"1. Where the resident judge cannot hear and act upon the application by reason of his absence, sickness, inability, inaccessibility, disqualification or refusal to act, when such facts are fully set out in the application or in an affidavit accompanying same. * * *

"3. When the resident judge cannot be reached by the ordinary and available means of travel and communication in sufficient time to effectuate the purposes of the writ sought. In such case the applicant or his attorney seeking a writ on the ground of such inaccessibility shall attach to his application an affidavit fully stating the facts of such inaccessibility and his efforts made to reach and communicate with said judge, and the result thereof, and unless such efforts appear to have been fair and reasonable the application shall not be heard."

In 24 Texas Jurisprudence, at page 159, the rule is stated thus: "In certain exceptional cases a District Judge upon a proper petition and affidavit may grant a Writ returnable to another county. But no Judge other than the Judge of the court to which the Writ is returnable may grant an injunction without a proper affidavit showing why application was not made to the Judge of the county to which the Writ is returnable."

Again, in 24 Texas Jurisprudence, at page 193, the rule is stated thus: "The Statute enumerates three classes of cases in which a non-resident District Judge may grant an interlocutory order. As has been seen, such a Judge has no power to grant an injunction returnable to another county in any case which is not within one of these classes. In granting an order for a Writ returnable to another District the non-resident Judge must ascertain the facts which empower him to act and the order should contain a finding as to their existence."

There are other assignments of error; but as we have reached the conclusion that the judge who ordered the issuance of the temporary injunction in question had no authority to do so, we pretermit any discussion of such other assignments.

For the reasons pointed out, the judgment granting the temporary injunction, and all other orders made by the district judge of Anderson county, are hereby annulled and held for naught.