### GLENN et al. v. CONNELL.
### No. 1382.

Court of Civil Appeals of Texas. Eastland.

June 22, 1934.

Rehearing Denied Sept. 21, 1934.

Critz & Woodward, of Coleman, and Jno. B. Daniel, of Temple, for appellants.

Oxford & McMillan, of Stephenville, and Billingsley & Billingsley, of Fort Worth, for appellee.

LESLIE, Justice.

This is a suit by W. E. Connell, receiver of H. H. Hardin, against Frank Mills, sheriff of Coleman county, Tex., to enjoin the execution of a judgment of the district court of Bell county, Tex., in favor of H. C. Glenn, receiver of Temple Trust Company, as plaintiff, against Tom Caudle, H. H. Hardin, W. E. Connell, receiver of H. H. Hardin, and S. M. Tucker, as defendants. The petition for injunction was presented to Hon. Sam. H. Russell, judge of the Twenty-Ninth judicial district court, who granted the injunction in vacation without hearing. A motion to dissolve the injunction was made by Frank Mills and H. C. Glenn, receiver of Temple Trust Company, intervener. It was overruled, and this appeal follows.

The plaintiff's petition, as noted, was filed in the district court of Erath county, Tex., as cause No. 6733, and styled W. E. Connell, received of H. H. Hardin, as plaintiff, against Frank Mills, sheriff of Coleman county, Tex., as defendant.

The plaintiff's petition alleges in substance:

(1) That the plaintiff W. E. Connell, receiver of H. H. Hardin, is a resident citizen of Tarrant county, Tex., and was appointed receiver of said H. H. Hardin in the district court of Erath county, Tex., in cause No. 6530, styled W. J. Oxford v. H. H. Hardin et al., and that the defendant Frank Mills, sheriff of Coleman county, Tex., resides in Coleman county, Tex.

(2) That on or about July 20, 1932, and pursuant to the above appointment, said W. E. Connell duly qualified as such receiver of H. H. Hardin, and took into his custody and management various properties of said Hardin, and among them the following: The north one-half of lot No. 1, block No. 11, of J. A. Stobaugh's subdivision of farm blocks 5 and 6, Clow's second addition to the city of Coleman, Coleman county, Tex., together with all improvements thereon situated.

(3) That in the district court of Bell county, on October 17, 1933, H. C. Glenn, receiver of Temple Trust Company, recovered a judgment for $1,752.30, and a foreclosure on said premises, which judgment further provided that the clerk of the district court of Bell county issue an order of sale to the sheriff of Coleman county, commanding him to seize and sell said property as under execution, and apply the proceeds to said judgment, and that the officer executing the order of sale put the purchaser in possession of said property within 30 days, etc. It was further alleged that the clerk of the district court of Bell county had issued an order of sale in said cause to the sheriff of Coleman county, Tex., who had levied upon said land, etc., and that the same would be sold by said sheriff in accordance with said advertisement, unless restrained by writ of injunction.

(4) That said judgment so rendered in the district court of Bell county, Tex., is a valid existing judgment in so far as the same establishes an indebtedness and lien of plaintiff Glenn, receiver, on said property, and that the plaintiff in this suit, W. E. Connell, receiver, does not seek to set aside said judgment in Bell county, except as to the seizure and sale of said property.

(5) That the plaintiff H. C. Glenn, receiver in said Bell county suit, and his attorneys, had notice of and recognized the receiver-ship of W. E. Connell of the property of H. H. Hardin; that Connell's status as such was fully recognized and known in the Bell county suit, and that the sheriff's notice of sale also recognized the relation; that neither plaintiff H. C. Glenn, receiver, nor his attorneys, sought, or obtained, permission of the Erath county district court to levy upon and sell said real estate in Coleman county, and that the sale of the property under the circumstances was without authority of the district court of Erath county, and contrary to law.

In this connection the plaintiff Connell, receiver, asserts that the injunction is not sought to attack or impair the judgment of the district court of Bell county, Tex., in so far as it established an indebtedness and lien securing the same in favor of H. C. Glenn, receiver, but that the object of this injunction proceeding is to enforce legal and orderly procedure in the consummation of the litigation theretofore begun in the district court of Erath county, and its protection of the rights of all creditors of H. H. Hardin; that, if a sale is effected on February 6, 1934, under the order of sale based upon the judgment of the district court of Bell county, it will interfere with the management and administration of the estate of H. H. Hardin; that plaintiff Connell, receiver, is without adequate remedy at law, etc.

From the foregoing we see that the judgment in the district court of Bell county, Tex., was rendered on October 17, 1933, in the suit in which H. C. Glenn, receiver of Temple Trust Company, was plaintiff, and Tom Caudle, H. H. Hardin, W. E. Connell, receiver of H. H. Hardin, and Sam Tucker were all defendants. On the other hand, in this injunction proceeding, W. E. Connell, receiver, is the plaintiff, and Frank Mills, sheriff of Coleman county, is the sole defendant. This sheriff is alleged to be in the act of executing an order of sale based upon the Bell county judgment. Obviously Glenn, the receiver of Temple Trust Company, is a necessary party to such a suit or action as that in which this injunctive relief is sought. Apparently all the others who were parties defendant to the Bell county judgment are likewise necessary parties in this last proceeding. These matters appear from the allegations of the petition for injunction, and, that being the case, it was error for the court to grant the original writ of injunction. There was a lack of necessary parties, and the trial court was without lawful authority to grant the writ, as may be seen from the following authorities: Acme Cement Plaster Co. v. Keys (Tex. Civ. App.) 167 S. W. 186; City of Dal-

las v. Couchman (Tex. Civ. App.) 249 S. W. 234 (writ refused); King v. Commissioners Court of Throckmorton County, 10 Tex. Civ. App. 114, 30 S. W. 257; Dial v. Martin (Tex. Civ. App.) 8 S.W.(2d) 241; Dallas County Bois D'Arc Island Levee Dist. v. Glenn (Tex. Com. App.) 288 S. W. 165; Rone v. Marti (Tex. Civ. App.) 244 S. W. 639; Williams v. Nolan, 58 Tex. 708; York v. Cartwright, 42 Tex. 136; 24 Tex. Jur. p. 215, § 163; 25 Tex. Jur. p. 653, § 234; 32 C. J. p. 296, § 477.

Upon these authorities and others to the same effect, it becomes necessary to reverse the judgment of the trial court. The appellee's counsel in the presentation of this appeal in this court virtually admits the error here pointed out.

Under proper pleadings, doubtless the appellants' first proposition presents the most vital question in the case, or that will necessarily arise therein. It is there asserted that the district court of Erath county was without jurisdiction to enjoin the enforcement of a final, valid judgment of the district court of Bell county, Tex., in favor of H. C. Glenn, Receiver, v. Tom Caudle, H. H. Hardin, W. E. Connell, Receiver of H. H. Hardin, and S. M. Tucker; such jurisdiction, if any, to enjoin the judgment being vested exclusively in the district court of Bell county. This proposition is based upon articles 4646 and 4656, R. S. 1925, and the following authorities: Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 68 A. L. R. 377; Leachman v. Capps, 89 Tex. 690, 36 S. W. 250; Seligson v. Collins, 64 Tex. 314; Cook v. Baldridge, 39 Tex. 250; Salamy v. Bruce (Tex. Civ. App.) 21 S. W.(2d) 380; Darlington v. Allison (Tex. Civ. App.) 12 S.W.(2d) 839; Jones v. Moore (Tex. Civ. App.) 63 S.W.(2d) 726; Honea, Sheriff v. Graham (Tex. Civ. App.) 66 S.W.(2d) 802; Glenn, Receiver, v. Green (Tex. Civ. App.) 65 S.W.(2d) 387; Glenn, Receiver, v. Cawley (Tex. Civ. App.) 65 S.W.(2d) 388; Glenn, Receiver, v. Hay (Tex. Civ. App.) 65 S.W.(2d) 388; Glenn, Receiver, v. Roe (Tex. Civ. App.) 65 S.W.(2d) 1119 (writ refused). The first article of the statute limits the power of a court to stay executions on valid judgments after certain time, etc., and the second article provides that writs of injunction granted to stay proceedings in suit or execution of judgment shall be returnable to and tried in the court where suit is pending, or such judgment rendered, etc.

Under these authorities, and upon the limited statement of the facts contained in the first proposition, the point is correct as a general proposition of law, but the exact point here involved is more clearly brought out by the appellee's second counter proposition, which more nearly accords with the facts of the case. The counter contention in response to appellants' proposition is in substance that real estate which is in custodia legis under a valid receivership in the district court of a certain county (Erath county) is not subject to complete foreclosure and sale under a judgment of another district court (Bell county) without the permission, or authority, of the court in which the receivership is pending. To summarize briefly: In response to the suit of Oxford v. Hardin et al., in the district court of Erath county, W. E. Connell was appointed receiver of H. H. Hardin on July 20, 1932. As such receiver, he took possession and control of the real estate here involved, and actually so held the same on October 17, 1933, when H. C. Glenn, receiver of Temple Trust Company, took his judgment against Caudle and Tucker in the Bell county district court for $1,752.30, together with the order of foreclosure of lien directing the sale of said real estate thereunder, and the transfer of the possession thereof to any purchaser at such sale. The judgment of foreclosure ran against Caudle, H. H. Hardin (last vendee of the property), W. E. Connell, receiver, and S. M. Tucker. As such receiver, Connell has at all times since his appointment exercised control and management over said real estate. That possession is now about to be disturbed by the execution of the order of sale based upon the Bell county judgment.

It will be observed that W. E. Connell, receiver for H. H. Hardin, was made a party defendant in the Bell county suit; that he appeared and answered as such, but the judgment against each defendant was by default. However, the Bell county district court and the litigants were fully aware of Connell's status as receiver of H. H. Hardin in the district court of Erath county, and that he as receiver asserted his right to the possession of said real estate by virtue of the authority of the district court of Erath county. Glenn's pleadings so show.

Under article 2310, R. S. 1925, H. C. Glenn, receiver of the Temple Trust Company, had the undoubted right to sue W. E. Connell, receiver, and to do so in the district court of Bell county. The appellee, Connell, receiver, does not deny this right, nor does he contend that Glenn, receiver, had no right to take a judgment establishing his indebtedness as well as the lien securing the same. Kirby v. Dilworth & Marshall (Tex. Com. App.) 260

S. W. 152. He does, however, raise the question of the lack of jurisdiction in the Bell county district court to enter any valid decree in that case authorizing the issuance and execution of an order of sale, the necessary effect of which will be to disturb or deprive the receiver, Connell, of the possession and disposition of said real estate, and that without the consent or authority of the district court of Erath county, Tex. In other words, the appellee, Connell, receiver, contends that the district court of Bell county in granting the order of sale and directing the sheriff to execute the same exceeded its jurisdiction under the undisputed facts showing the subject-matter of the litigation was in custodia legis, and that to the extent of the exercise of such excess power or authority the purported order or decree of the Bell county court is null and void.

■■ Since, prior to the Bell county judgment, the district court of Erath county, through its receiver, had taken possession of the property of H. H. Hardin, that possession necessarily became exclusive, and this situation was known to the district court of Bell county when its judgment was made authorizing the sale and delivery of the possession of the property in question. The Erath county suit and judgment came first. By that suit and receivership in Erath county, the subject-matter of this litigation was drawn into the exclusive jurisdiction of the district court of Erath county, and, for the purposes of that suit, it was at the same time withdrawn from the jurisdiction of the Bell county district court in the particular herein specified; that is, wherein the possession and disposition of the property is involved and undertaken to be disturbed without the consent of the court in which the receivership is pending. Any proceeding against the subject-matter of the litigation involving the control and disposition of it while thus in custodia legis, and without the order or consent of the Erath county district court, was null and void, and subject to attack by this proceeding.

This conclusion is supported by numerous authorities, and among them we cite the following: Ellis v. Vernon Ice, Light & Water Co., 86 Tex. 109, 23 S. W. 858; Texas Trunk Ry. Co. v. Lewis, Sheriff, et al., 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Kirby v. Dilworth & Marshall (Tex. Com. App.) 260 S. W. 152; Hammond v. Tarver, 11 Tex. Civ. App. 48, 31 S. W. 841 (writ refused 89 Tex. 290, 32 S. W. 511, 34 S. W. 729); Scott v. Crawford, 16 Tex. Civ. App. 477, 41 S. W. 697; Dillingham v. Anthony, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753; Hacker v. Hacker (Tex. Civ. App.) 4 S.W.(2d) 218; Mudge v. Hughes (Tex. Civ. App.) 212 S. W. 819; Pruett v. Fortenberry (Tex. Civ. App.) 254 S. W. 592; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; Andrews v. Rice (Tex. Civ. App.) 198 S. W. 666; Wharton et al. v. Washington County State Bank (Tex. Civ. App.) 153 S. W. 699; Riesner v. Gulf, etc., Ry. Co., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84; Edwards v. Norton, 55 Tex. 405; Burdett v. State, 9 Tex. 43; Clepper v. State, 4 Tex. 242; 11 Tex. Jur., p. 785, § 57; p. 775, § 52; Freeman on Execution, § 129; High on Receivers, § 163; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916; Russell v. Texas & P. Ry. Co., 68 Tex. 646, 5 S. W. 686.

Further, we think the holding is warranted by the able opinion of our Supreme Court, through Chief Justice Cureton, in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

■ Only where a judgment sought to be enjoined is absolutely void in whole or in part may a court, other than the one rendering the same, entertain a suit, as in the instant case, to enjoin the enforcement of such judgment in its entirety, or in such void part. O'Banion v. Weaver (Tex. Civ. App.) 62 S.W. (2d) 212; Salamy v. Bruce, supra; Texas Employers' Ins. Ass'n v. Tabor (Tex. Civ. App.) 291 S. W. 311; Thacher Medicine Co. v. Trammell (Tex. Civ. App.) 279 S. W. 307; Lindsey v. B. F. Avery & Sons Plow Co. (Tex. Civ. App.) 284 S. W. 606. These authorities in connection with those above cited.

What is here written is in view of the possibility that this case may again reach this court. The authorities just cited, we think, should have a bearing upon the re-presentation and disposition of this case in the trial court. Other questions presented by the brief become immaterial. For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.