JOHN LOCKWOOD and L. D. LYONS, Plaintiffs in Error v. THE STATE OF TEXAS, Defendant in Error.

No. 12314.   Delivered March 6, 1929.
Rehearing granted June 5, 1929.

644

The opinion states the case.

*W. T. Williams* of Galveston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—This case is before us on a writ of error. Review of a final judgment forfeiting an appearance bond is sought.

For a discussion of the questions presented by the record herein see Opinion Number 12313, Louise Magless et al. v. State of Texas, opinion rendered March 6, 1929, and not yet reported. The same questions being involved as were presented in the case referred to, the judgment here must also be affirmed. The judgment of the court below is reformed so as to bear no interest.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—By indictment returned at the June term, 1926, in the District Court of Galveston County, in cause No. 20436, Louise Magless was charged with a felony. By the return of the capias issued it appears that Louise Magless was arrested on the 30th day of July and released on bail bond. Judgment nisi was rendered October 13, 1927, reciting the non-appearance of Louise Magless; that she, as principal, and the sureties named above, entered into a bond payable to the State of Texas in the penal sum of $500.00, stating the condition of the bond and forfeiture thereof, and judgment against Louise Magless as principal in the sum of

$500.00, and in like manner judgment against Jno. Lockwood and L. D. Lyons as sureties in the sum of $500.00.

In the assignments of error the judgment is attacked upon many grounds, among them that the bond which was forfeited did not bear the signature of Louise Magless, but that of another and different person. The bond is copied in the agreed statement of facts, in which it appears that there were no signatures to the bond save that of the sureties, Jno. Lockwood and L. D. Lyons. There is a memorandum in the statement of facts in substance that the identity of the signature of the principal and that of the indictee as described in the scire facias, the indictment and the judgment nisi is in issue. Reference is made to a photographic copy in the transcript. The transcript cannot be made a part of the statement of facts by reference. The interpretation of Rule 72 prepared by the Supreme Court of this State, precludes the consideration of the statement of facts by reference to matters that are not set forth in detail or in substance in the statement itself. See Ratcliff v. State, 29 Tex. Crim. App. 248, and numerous cases collated by Mr. Branch in his Ann. Tex. P. C., p. 300, sec. 600, subd. 5. Save in the particular mentioned the statement of facts is silent touching the nature of the controversy over the question of the signature of the principal to the bond. It is well established that when there is a controversy of that nature, that is to say, where the signature to the bond appears different from that set forth in the scire facias and other proceedings, it is incumbent upon the State offering the bond to explain the variance by averment and proof. Brown v. State, 28 Tex. Crim. App. 65; Hutchings v. State, 24 Tex. Crim. App. 242. As set forth in the statement of facts, the bond is without the signature of the principal and there is an absence of averment or proof upon the subject. Therefore, no recourse is available to this court save to regard the bond as unsigned by the principal. The signature of the principal to the bond is essential to support a judgment against the sureties. Walker v. State, 6 S. W. (2d) 356.

For the reasons stated the motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*