Lon EVANS, Sheriff of Tarrant County, Texas, Appellant,

v.

Brantley PRINGLE and Barry G. Johnson, Appellees.

No. 2–81–020–CV.

Court of Appeals of Texas, Fort Worth.

May 27, 1982.

Rehearing Denied June 24, 1982.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellant.

Brantley Pringle, Barry G. Johnson, Fort Worth, for appellees.

Before MASSEY, C. J., and HUGHES and RICHARD L. BROWN, JJ.

## OPINION

MASSEY, Chief Justice.

 The Sheriff of Tarrant County, Texas, the Honorable Lon Evans, has appealed the judgment of permanent injunction preventing him from collecting postjudgment interest from the Brantley Pringle and Barry Johnson sureties on a forfeited bail bond.

Affirmed.

*Magless v. State,* 112 Tex.Cr.R. 646, 18 S.W.2d 669 (1929) initially held that in instances where there has been decreed forfeiture of a bail bond or recognizance, with a judgment absolute rendered in the action on the forfeited bond or recognizance in the total amount of the bond (it cannot be for more), no interest can be allowed on the penalty from the date of the order of forfeiture. Observed in the opinion is that the judgment on such a bond is a penalty, and that observance and discharge of the liability involved is a punishment. Furthermore, stated at 18 S.W.2d page 670 is the following:

> "Whatever may be said against the rule inhibiting interest on such judgments it seems to have become a settled one in Texas. While some doubt exists in our minds as to the correctness of the rule, it seems best not to open the question, and we therefore follow the Texas precedents."

In the most excellent brief for the Sheriff is pointed out that, in view of the action of the court on motion for rehearing, that what was stated in the opinion was not dispositive of the case and so become mere dicta. On rehearing the Court of Criminal Appeals set aside its initial judgment reforming the trial court's judgment so as to delete provision therein for the payment of interest, and, as so reformed, affirmed judgment below for the principal sum. That on which the court made its dispositive judgment was by finding that the bond declared upon did not appear to have been signed by either the principal or the sureties against whom judgment was rendered. It therefore held the evidence insufficient and because of the insufficiency disposed of the case by reversal of the judgment for any amount, with remand of the cause to the trial court.

It is true that the holding initially made in *Magless* became dicta when it ceased to be dispositive of the appeal. Nevertheless we believe it to be the law in Texas. Our holding is therefore in accord. Subsequent cases by the Court of Criminal Appeals dispositively held interest improper and void on other final judgments against sureties in bail bond forfeiture cases. *Lockwood v. State,* 112 Tex.Cr.R. 643, 18 S.W.2d 671 (1929); *Smith v. State,* (3 cases) 112 Tex.Cr.R. 567, 18 S.W.2d 672, et seq. (1929).

Our holding is in accord with the federal law. *United States v. Broadhead,* 127 U.S. 212, 8 S.Ct. 1191, 32 L.Ed. 147 (1875). (The Sheriff has pointed out that in that case what was involved was pre-judgment interest as damages, not postjudgment statutory interest.)

See also 8 Am.Jur.2d, p. 687, 694, 695, sec. 151, "Civil nature of action; rules applicable", and sec. 165, "(Judgment)—Amount recoverable", with authorities thereunder cited.

 The Sheriff has advanced the contention that the action for injunction was in the wrong court. This contention is without merit because interest only could have been involved, the total amount of the bond having been paid; and even if the judgment had provided for accrual of interest (it did not) it would have been a void judgment in such respect. A void judgment can be attacked in any court.

Having held that judgment was correct and therefore to be affirmed for the reason stated all the complaints by remaining points of error are overruled as moot and immaterial for purposes of the appeal.

Judgment is affirmed.