Lon EVANS, Sheriff of Tarrant County, Texas, Petitioner,

v.

Brantley PRINGLE and Barry G. Johnson, Respondents.

No. C-1450.

Supreme Court of Texas.

Nov. 24, 1982.

Rehearing Denied Jan. 12, 1983.

Tim Curry, Dist. Atty., C. Chris Marshall and E. Earl Harcrow, Asst. Dist. Attys., Fort Worth, for petitioner.

Brantley Pringle and Barry G. Johnson, Fort Worth, pro se.

PER CURIAM.

This is an appeal from a permanent injunction prohibiting Lon Evans, the Sheriff of Tarrant County, from collecting post-judgment interest from the sureties on forfeited bail bonds. The Court of Appeals affirmed the judgment of the trial court. 634 S.W.2d 774. We grant the application for writ of error, reverse the judgments of the Court of Appeals and the trial court, and order the trial court to dismiss the cause.

In March of 1979 Barry Johnson, as surety, executed a criminal appearance bond in the amount of $4,000 for Stephen Alvarez. That same month, Brantley Pringle, as surety, executed a criminal appearance bond in the amount of $7,500 for Antonio Sosa.

Alvarez and Sosa were indicted and later failed to appear for trial. On February 7, 1980 judgments of forfeiture were entered against Alvarez and Johnson in Cause No. 16476AX and against Sosa and Pringle in Cause No. 17285AX in Criminal District Court No. 3 of Tarrant County, Judge Lindsey presiding. There was no provision in the judgments for the accrual of post-judgment interest. On August 14, 1980 nunc pro tunc judgments were entered in both Cause No. 16476AX and Cause No. 17285AX, correcting the prior judgments by stating that they were rendered in Criminal District Court No. 2 of Tarrant County, Judge Cave presiding.

The judgments were appealed to the Texas Court of Criminal Appeals, and that court affirmed on October 8, 1980.[1] Since neither of the judgments provided for post-judgment interest, the Court of Criminal Appeals did not address that issue. It merely affirmed the propriety of entering the nunc pro tunc judgments to correct clerical errors.

After Johnson and Pringle had paid the full penal amount of the bail bonds, the District Attorney obtained writs of execution for the collection of post-judgment interest on the forfeiture judgments. Johnson and Pringle then brought this civil action, Cause No. 48–6539181, in the 48th District Court of Tarrant County, Judge Walter Jordan presiding. They sought to enjoin the Sheriff of Tarrant County from levying upon and seizing their property pursuant to the writs of execution, arguing that no post-judgment interest could be collected on a forfeited bond because interest cannot be collected on a penalty. After overruling the Sheriff's plea to the jurisdiction, Judge Jordan entered a permanent injunction prohibiting the Sheriff from acting to satisfy the writs of execution issued in Causes No. 16476AX and 17285AX. The Court of Appeals affirmed. 634 S.W.2d 774.

The Sheriff argues that under Tex.Rev. Civ.Stat.Ann. art. 4656 the trial court had no jurisdiction to try a suit seeking to enjoin execution on judgments which had been rendered by a different court. The statute provides as follows:

*Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or*

1. *Alvarez v. State,* 605 S.W.2d 615 (Tex.Cr. App.); *Sosa v. State,* No. 65,096.

*such judgment was rendered;* writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile. (Emphasis added.)

In *Carey v. Looney,* 113 Tex. 93, 251 S.W. 1040 (1923), the Commission of Appeals interpreted Tex.Rev.Civ.Stat. art. 4653, which was identical to the first clause in art. 4656, to be mandatory, requiring the injunction suit to be returnable to and tried in the court rendering the judgment, if the attack is made by a party to the judgment and if, in order to grant the relief, it is necessary to regulate the processes issued under the judgment. Under that rule, the sureties could not maintain their suit in the 48th District Court to enjoin enforcement of the judgments of Criminal District Court No. 2.

The sureties, however, assert that Criminal District Court No. 2 is a statutory court with limited jurisdiction. They contend that it did not have the power necessary to grant relief in this case. After considering both statutory[2] and caselaw,[3] we conclude that Criminal District Court No. 2 would have had jurisdiction to consider their claim.

Judge Jordan did not purport to sign the judgment as the presiding judge of Criminal District Court No. 2. Instead, he issued a writ of injunction as the presiding judge of the 48th District Court to stay execution on judgments rendered by Criminal District

Court No. 2, in direct contravention of Tex. Rev.Civ.Stat.Ann. art. 4656. Since the decision of the Court of Appeals conflicts with Tex.Rev.Civ.Stat.Ann. art. 4656, we grant petitioner's writ of error and, without hearing oral argument, reverse the judgments of the Court of Appeals and the trial court and order the trial court to dismiss the cause. Tex.R.Civ.Pro. 483.

---

2. Tex.Rev.Civ.Stat.Ann. art. 1926–41 § 3 provides as follows:

"Said court shall have jurisdiction over all bail bonds and recognizances taken in proceedings had before said court, or that may be returned to said court from other courts, and may enter forfeitures thereof and final judgments, and enforce the collection of the same by proper process in the same manner as is provided by law in district courts."

3. In *Glenn v. State,* 155 Tex.Cr.R. 498, 236 S.W.2d 809 (1951), the Court of Criminal Appeals held that a surety could attack a writ of execution on a final bond forfeiture by moving to quash execution in the trial court which rendered the forfeiture judgment. The Court also held that bail bond forfeitures are criminal matters.