Thomas P. HUGHES, District Clerk, Tarrant County, and Don Carpenter, Sheriff of Tarrant County, Appellants,

v.

Glenda MORGAN, Appellee.

No. 2–91–056–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 25, 1991.

Rehearing Overruled Oct. 30, 1991.

Tim Curry, Crim. Dist. Atty., Barrie Howard, and Dana M. Womack, Asst. Dist. Attys., Fort Worth, for appellants.

Law Offices of Lane & Lane and Jim Lane, Fort Worth, for appellee.

Before JOE SPURLOCK II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This appeal is brought by the district clerk and sheriff of Tarrant County, Texas, appellants, from a temporary injunction entered against them by the 17th District Court. The substance of the injunction is that appellants are commanded to cease and refrain from denying Glenda Morgan, appellee, the right to be a surety on criminal bail bonds written in Tarrant County, Texas, while a certain case is being appealed from the Criminal District Court No. 1 of Tarrant County, Texas to this court. That appeal is still pending.

Appellants made a motion to dismiss the request for relief based upon the provisions of Texas Civil Practice and Remedies Code section 65.023 which provides a writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in a court in which the suit is pending or the judgment was rendered. They alleged the court lacked jurisdiction to enter the injunction against them. Appellants had listed appellee in default as a bail bond surety based upon a judgment in Criminal District Court No. 1. Appellee sought her injunction in a different court. The motion to dismiss was effectively overruled when the court granted the order for temporary injunction.

Appellants bring us six points of error. We will only address point of error number one as it is dispositive. As the point of error is good, the temporary injunction should be dismissed.

This matter arose because of a default judgment taken against appellee in a bond forfeiture proceeding in Criminal District Court No. 1 of Tarrant County, Texas. That case is presently pending on appeal in this court. Notwithstanding that the matter is on appeal, the district clerk notified the sheriff that appellee was in default on the bail bond signed by her as surety in the underlying cause on appeal, and pursuant to TEX.CODE CRIM.PROC.ANN. art. 17.11 (Vernon 1977), was disqualified to sign as a surety on any bail bond as long as she was in default. Appellee filed a supersedeas bond in the amount of $10,000 pending the appeal of the underlying case.

However, fearful that the effect of the letter from the clerk to the sheriff would be to deny her the right to make other bonds, appellee filed an Original Petition For Mandamus, Temporary Restraining Order, Temporary Injunction And Permanent Injunction in the 17th District Court of Tarrant County, Texas. There is nothing in the record showing that the judge of the 17th Judicial District Court of Tarrant County, Texas was sitting in or acting for in any capacity the judge of Criminal District Court No. 1 of Tarrant County, Texas when the temporary injunction was entered.

In her motion appellee asserted that by virtue of TEX.R.APP.P. 47, the execution of the judgment entered by Criminal District Court No. 1 was suspended. Because of the appeal of that judgment, it could not be final and therefore she should not be suspended from making bonds. A decision upon these contentions is not the question before us, although obviously is what the trial court considered in entering its temporary injunction.

Returning to the heart of the controversy, we note that the question of a second court's entering an injunction in a matter like this has arisen before in Texas. Specifically at issue then was the question of validity of an injunction entered by a court which did not have jurisdiction over the subject matter of a default judgment rendered in a bail bond proceeding. This court affirmed the subsequent trial court's action in entering the injunction. In *Evans*, we said:

The Sheriff has advanced the contention that the action for injunction was in the wrong court. This contention is without merit because interest only could have been involved, the total amount of the bond having been paid; and even if the judgment had provided for accrual of interest (it did not) it would have been a void judgment in such respect. A *void judgment* can be attacked in any court.

*Evans v. Pringle*, 634 S.W.2d 774, 775 (Tex.App.—Fort Worth 1982) (emphasis

added). We were reversed, per curiam, by the supreme court, *Evans v. Pringle*, 643 S.W.2d 116 (Tex.1982).

The crux of the issue involves the provisions of TEX.CIV.PRAC. & REM.CODE sec. 65.023(b) (Vernon 1986) which provides: "A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered." *Id.* We note that article 65.023 is a successor to both former articles Texas Revised Civil Statutes article 4656, and the Revised Civil Statutes of Texas 1911, article 4653. In *Evans* the supreme court held that the provisions of the statute are mandatory and an injunction suit is returnable to and must be tried "in the court rendering the judgment, if the attack is made by party to the judgment and if, in order to grant the relief, it is necessary to regulate the processes issued under the judgment." *Evans*, 643 S.W.2d at 118. In so holding, and in overruling per curiam the Second Court of Appeals judgment, the supreme court has settled the matter, regardless of any claim that the first judgment is void or its effect suspended.

In the opinion, the supreme court noted the sheriff's argument that a trial court had no jurisdiction to try a suit seeking to enjoin execution on judgments rendered by a different court. *Id.* at 117. The court specifically agreed, citing a prior Commission of Appeals case, *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040 (Tex.Comm'n App. 1923, opinion adopted), holding that the language of then article 4653, Revised Civil Statutes of Texas 1911, is mandatory and concluding that under the rule, sureties could not maintain a suit in a court different from that in which judgment was granted. *Id.*

In the instant case, the relief sought is almost identical to that sought by the surety in *Evans*, that is, a bail bond surety is attempting by injunction, through a different court, to set aside the effect of the enforcement of a judgment of another court. Although appellee argues the judgment is by law suspended, and not void as

in *Evans*, and she sought a mandamus first, not just an injunction, we find no merit in her argument. We hold that it is error for a court to entertain a motion for, or enter a temporary injunction seeking to affect a judgment on appeal from another court. Accordingly we sustain point of error number one and reverse the judgment of the trial court. We order that the court dissolve the temporary injunction and dismiss the cause of action for mandamus and injunctive relief.

## JUDGMENT

The Court has considered the record on appeal in this cause and is of the opinion that there was error in the judgment of the trial court. We reverse the judgment of the trial court and order the trial court to dissolve the temporary injunction and dismiss the cause of action for mandamus and injunctive relief.

It is further ordered that appellee, Glenda Morgan, pay all costs of this appeal, for which let execution issue, and that this decision be certified below for observance.