Reversed and Remanded and Memorandum Opinion filed March 13, 2008








Reversed and Remanded and Memorandum Opinion filed March 13,
2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00399-CV

____________

 

CEDYCO CORPORATION, Appellant

 

V.

 

CAROLYN TUBBS, Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 07-19885

 



 

M E M O R A N D U M   O P I N I O N

In this interlocutory appeal we address whether the court
below had the authority to enjoin the enforcement of a writ of execution on a
judgment issued by another court.  Concluding that the district court did not
have such authority, we reverse the district court=s temporary
injunction and remand with instructions to vacate the order granting the
temporary injunction and to dismiss the application for temporary injunction. 








I.  Factual
and Procedural Background

In 1987, the County Civil Court at Law No. 2 of Harris
County, Texas, rendered judgment against appellee Carolyn Tubbs based on debt
she owed to Sakowitz, Inc.  Subsequently, Sakowitz sold this judgment to Claron
Corporation, and Claron later assigned the judgment to appellant Cedyco
Corporation (ACedyco@).

After numerous unsuccessful attempts to collect on this
judgment, Cedyco filed for execution on the judgment in 2005 and sought to
foreclose on the judgment in 2006.  Tubbs responded by filing an action in the
280th District Court in Harris County, Texas, seeking a temporary restraining
order, a temporary injunction, and a permanent injunction to enjoin the enforcement
of the writ of execution.  The trial court granted a temporary restraining
order, and after a hearing, entered a temporary injunction enjoining the
execution on the judgment.  By interlocutory appeal, Cedyco now challenges the
trial court=s authority to issue the temporary injunction.

II.  Issue and Analysis

Cedyco contends that subsection 65.023(b) of the Texas
Civil Practice and Remedies Code requires that an action to enjoin the
execution of a judgment be brought in the court where the judgment was
rendered.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 65.023(b) (Vernon 1997); Butron v.
Cantu, 960 S.W.2d 91, 94B95 (Tex. App.CCorpus Christi
1997, no writ).  According to Cedyco, the trial court erred in enjoining
enforcement of the writ of execution on the judgment because under subsection
65.023(b) the trial court did not have jurisdiction over the county court=s execution on the
judgment. 








Under subsection 65.023(b), A[a] writ of
injunction granted to stay proceedings in a suit or execution on a judgment
must be tried in the court in which the suit is pending or the judgment was
rendered.@  Tex. Civ.
Prac. & Rem. Code Ann. ' 65.023(b). 
Section 65.023, entitled APlace for Trial,@ controls both
venue and jurisdiction of a suit for an injunction to stay execution of a judgment
so long as the judgment is valid on its face.  McVeigh v. Lerner, 849
S.W.2d 911, 914 (Tex. App.BHouston [1st Dist.] 1993, writ denied). 
In this case, Tubbs sought to enjoin execution on the county court=s judgment.  The
parties do not allege that the judgment is facially invalid, and we conclude
that the judgment is valid on its face.  Therefore, subsection 65.023(b)
requires that Tubbs bring any suit to enjoin execution on the judgment in
Harris County Civil Court at Law No. 2.  She instead brought suit in the court
below.

The Texas Supreme Court addressed a similar issue in Evans,
when the appellant, the sheriff of Tarrant County, argued that the trial
court could not try a suit seeking to enjoin the execution of a judgment
rendered by a different court.  Evans v. Pringle, 643 S.W.2d 116,
118 (Tex. 1982).  In Evans, the sheriff appealed from a permanent
injunction which prohibited him from collecting post-judgment interest from
sureties on forfeited bail bonds.  Id. at 117.  The high court agreed
with appellant and found that the judge acted in error by issuing a writ of
injunction as the presiding judge of a district court to stay execution on
judgments rendered by a criminal district court.  Id. at 118.[1] 
Similarly, our sister courts have held that an action to enjoin the execution
of a judgment must be brought in the court in which the judgment was rendered. 
Gardner v. Stewart, 223 S.W.3d 436, 438 (Tex. App.CAmarillo 2006,
pet. denied); Butron, 960 S.W.2d at 94B95; McVeigh,
849 S.W.2d at 914.








Applying the plain language of section 65.023(b) to the
present case, it is clear that any suit to enjoin or stay the execution of the
judgment must be tried in County Civil Court at Law No. 2 of Harris County,
Texas, where the judgment was rendered.  The court below erred in enjoining
execution on the judgment ordered by County Civil Court at Law No. 2 in Harris
County, and its temporary injunction cannot stand.  

 

Accordingly, we reverse the district court=s order granting
the temporary injunction, and we remand to the trial court with instructions to
vacate the order granting temporary injunction and to dismiss Tubbs=s application for
temporary injunction.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 13, 2008.

Panel consists of
Chief Justice Hedges, Justice Frost and Senior Justice Murphy.*









[1]  The Evans court reached this decision based
on the predecessor statute to section 65.023(b) of the Texas Civil Practices
and Remedies Code, which provided that A[w]rits
of injunction granted to stay proceedings in a suit, or execution on a
judgment, shall be returnable to and tried in the court where such suit is
pending, or such judgment was rendered.@  Tex. Rev. Civ. Stat. Ann. art. 4656.





*  Senior Chief Justice Paul C. Murphy sitting by
assignment.